GENERAL COURT, OCTOBER TERM, 1805.

Gwinn *et ux. vs.* Whitaker's Adm'x.

*Every judgment for money carries interest from its date unless the terms agreed on provide otherwise, or the nature of the judgment prohibit it*

*Where a debtor owes his creditor on different accounts, he has the right to apply any payments he makes to which of them he pleases*

*If he neglects doing it, the creditor has the right*

*If the debtor owes on mortgage and on simple contract, or on bond and simple con-*

Two writs of *fieri facias* returnable to this term. Submitted to the chief judge, on a case stated, for his opinion.

Chase, Ch. J. Two judgments obtained by the plaintiffs against the defendant, in the general court at October term 1797, one for £600 current money damages, and costs, to be released on payment of 357*l* 15*s* 6¾*d* current money, with interest on 194*l* 8*s* 10½*d* current money, part thereof, from the 3d of September 1797, and costs. The other for £1000 cur-

tract, and makes a payment without particularly applying it, the law will apply it to the mortgage or to the bond, as most beneficial to the debtor

Where a debtor is indebted on bond and on judgment, and sells his land, and the purchaser of the land makes the creditor a payment without applying it, the law will apply it to the judgment debt

The interest on a judgment may be levied under an execution on the judgment as well as the principal

In debt on a judgment bearing interest, the jury must assess damages equal to the interest

A payment by a debtor must be first applied to extinguish the interest of his debt, and then to the principal, and a different application is not in the discretion of the debtor

The legal mode of adjusting the payments in this case

rent money damages, and costs, to be released on payment of 425*l* 1*s* 6*d* current money, with interest on 231*l* 0*s* 5*d* current money, part thereof, from the 3d of September 1797, and costs.

It is stated that several payments have been made by the defendant to the plaintiffs' agent at different times, on account of the said judgments, without any particular application at the times they were made.

The question submitted to my decision by the counsel of the parties is, How these payments ought to be applied?

I consider the following principles as established by the judgments of the courts of *Maryland*, and in harmony with the decisions of the courts of *England.*

That every judgment for money will carry interest from the obtention of it, unless by the terms consented to by the parties, or the nature of the judgment, interest is not demandable, or only so in a particular way.

It is the general right of the debtor, if indebted on different securities, to make the application of money when he pays it, and if he omits to do it in those cases where both securities carry interest, or neither does, the right of application will devolve on the creditor.

If the debtor is indebted on mortgage and simple contract, or on bond and simple contract, and when he makes a payment should neglect to apply it, the law will make application of it in the way most beneficial to the debtor; that is, to the mortgage or bond; and in some cases the fund out of which the money arose will direct the application—as where A is indebted on bond and on judgment, and sells his land, and the purchaser pays a sum of money to the creditor without application, the law will apply it to the judgment in exoneration of the land.

The execution must pursue the judgment, and in all cases where it will cover the interest as well as the principal, the interest may be levied by execution, if recoverable in an action of debt on the judgment.

In an action of debt on a judgment which bears interest, the jury have no discretion to allow or not al-

Oct. 1805

Gwinn
vs
Whitaker

low interest, but must, under the direction of the court, assess a sum of money by way of damages equivalent to the interest.

Money paid by the debtor must be first applied to extinguish the interest, and the surplus, if any, to consume so much of the principal, and the debtor has no election to make a different application The defendant in this case is indebted on two judgments, both qualified by the agreement of the parties as to the interest recoverable on each, and no interest can be recovered beyond such stipulation.

The particular sum mentioned in each judgment was specified to ascertain the interest which was to be paid on the judgment, and to prevent the plaintiffs from demanding or recovering interest on the whole sum. It was for the benefit of the defendant, operating as a reduction of the legal interest on the whole sum, and does not designate or appropriate one particular part of the debt more than the other as that on which the interest is to arise, so as to enable the defendant to apply her payment to it, or to let in the operation of law, on the principle that they became debts due on different securities, one bearing interest and the other not, nor could it be so intended by the parties.

I am of opinion, that the statement of the plaintiffs' agent, (one of the papers lodged with me,) is conformable to the legal mode of adjusting what is due on these judgments.

### Plaintiffs' Statement.

Mrs. Margery Whitaker, Adm'x of Robert Whitaker, in account with Joseph Gwinn, and Wife.

1798.

| | | | | |
|---|---|---|---|---|
| October 11. | To amount of judgment recovered in the general court at October term 1797, | £425 | 1 | 6 |
| | To ditto, ditto | 357 | 15 | 6 1-2 |
| | To interest on £231 0 5, part of the first judgment, and interest on 194 8 10 1-2 | | | |
| | £425 9 3 1-2 part of the second judgment, from the 3d of September 1797, to this day—1 year, 1 month, and 8 days, | 28 | 4 | 5 |

To costs of two suits—1404lbs. tobacco, at 12s 6d per cwt.     8 15 6

£819 16 11 1-2
By cash,     225 0 0

594 16 11 1-2

**1799.**
May 17.   To interest on £425 9 3 1-2 from the 11th of October 1798, to this day—7 mo. and 6 days,     15 6 3 1-2

610 3 3
By cash,     18 15 0

591 8 3

August 29.   To interest on £425 9 3 1-2 from the 17th of May 1799 to this day—3 mo. and 12 days,     7 4 7 1-2

£598 12 10 1-2
By cash,     150 0 0

448 12 10 1-2

**1802.**
May 23.   To interest on £425 9 3 1-2 from the 29th of August 799, to this day—2 years, 8 mo. and 24 days,     69 15 5 1-4

518 8 3 3-4
By cash,     37 10 0

480 18 3 3-4

**1803.**
January 7.   To interest on £425 9 3 1-2 from the 23d May 1802, to this day—7 mo. and 14 days,     15 17 7 1-2

496 15 11 1-4
By cash,     56 5 0

440 10 11 1-4

May 16.   To interest on £425 9 3 1-2 from the 7th Jannary 1803, to this day—4 mo. and 9 days,     9 2 10 1-2

449 13 9 3-4
By cash,     37 10 0

412 3 9 3-4

**1804.**
May 7.   To interest on the balance, (£412 3 9 3-4) from the 16th of May 1803, to this day—11 mo. and 21 days,     24 2 1 1-2

436 5 8 1-4
By cash,     17 12 3

418 13 8 1-4

Dec. 12.   To interest on £412 3 9 3-4 from the 7th May 1804, to this day—7 mo. and 5 days,     14 15 4 1-2

433 9 0 3-4
By cash,     75 17 7 1-2

£357 11 5 1-4

| | | | | | |
|---|---|---|---|---|---|
| **Oct. 1805**<br>Gwinn<br>vs<br>Whitaker. | 1805.<br>Sept. 9. | To balance brought over | 357 | 11 | 5 1-4 |
| | | To interest on the balance, (£357 11 5 1-4,) from the 12th Dec. 1804, to this day—8 mo, and 27 days, | 15 | 18 | 2 1-2 |
| | | | 373 | 9 | 7 3-4 |
| | | By cash, | 225 | 0 | 0 |
| | | | 148 | 9 | 7 3-4 |
| | Dec. 21. | To interest on the balance, (£148 9 7 3-4) from the 9th Sept. 1805, to this day—3 mo and 12 days, | 2 | 10 | 5 1-4 |
| | | To additional costs on executions, | 3 | 19 | 0 |
| | | Balance due, | £154 | 19 | 1 |

*Key*, for the Plaintiffs.
*Buchanan*, for the Defendant.

☞ *As the Reporters intend to commence their next volume with the decisions of the Court of Appeals since the new organization of that Court, Reports of many causes removed from the General Court, and decided by the Court of Appeals, have been omitted in the present Volume. They will be reported of the Term each Case was finally acted upon in the Court of Appeals.*