Laeber *vs.* Langhor.

(Decided 11th January, 1877.)

## JOHN LAEBER *vs.* STEPHEN LANGHOR.

*Bill of sale absolute on its face treated as a Mortgage—Appropriation of payments—Jurisdiction—Injunction.*

Although a bill of sale purports on its face to be made for a money consideration and without condition, it may be shown to be a mortgage.

A bill of sale was given to secure the payment of two notes. By subsequent transactions the mortgagor became indebted to the mortgagee in a further sum. Payments were made by the debtor amounting to more than the mortgage debt. Afterwards there was an adjustment of accounts, the mortgage notes were given up and two new notes were given by the debtor to the creditor, exceeding in amount the amount of the mortgage notes No application of the payments was made by the debtor. HELD :

That by these transactions the mortgage debt was paid.

If a debtor be indebted on mortgage and on simple contract, and neglects when he makes a payment to apply it, the law will apply it to the mortgage.

A bill of complaint charged that an instrument in the form of an absolute bill of sale for a nominal money consideration, was executed by the complainant S. L. to secure the payment of two notes given by him to J. L. That these notes had been afterwards paid, notwithstanding which, J. L. had seized and carried away the goods with intent to sell them. And prayed that the bill of sale might be declared a mortgage and delivered up to be cancelled, and an account stated between the parties, and for an injunction restraining J. L. from selling the goods. HELD :

Laeber *vs.* Langhor.

1st. That after a final decree in favor of the complainant and perpetuating the injunction, an objection in the Court of Appeals on the ground that there was no case made by the bill that entitled the complainant to an injunction, if intended as an exception to the jurisdiction of the Court below, came too late.

2nd. That an injunction was not the primary object of the bill, but ancillary to the relief sought by the prayer for an account and for the cancellation of the bill of sale, and that the allegations of the bill were ample to give jurisdiction on those accounts and to authorize an injunction as an auxiliary remedy.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE and ROBINSON, J.

*R. R. Boarman*, for the appellant.

There is no case shown by the bill that entitles the complainant to an injunction. There is no case of great or irreparable loss to the complainant by the sale of the goods and chattels taken. There is no allegation that Laeber is insolvent, or not able to meet the responsibility.

The answer too, swears away the equity of the bill. He has clearly on his own showing a full and complete remedy at law. *Chappel, et al. vs. Cox*, 18 *Md.*, 513; *Calvert vs. Carter*, 18 *Md.*, 73; *Kerr on Injunctions, pages* 17 *and* 18; *Lewis vs. Levy*, 16 *Md.*, 85; *Hamilton, et al. vs. Ely, et al.*, 4 *Gill*, 34; *Shiply vs. Ritter*, 7 *Md.*, 408; *Amelung vs Seekamp*, 9 *Gill & J.*, 468; *Cherry vs. Stein*, 11 *Md.*, 28; *2nd Story's Equity, secs.* 863-959; *Chesapeake & Ohio Canal vs. Young*, 3 *Md.*, 480.

The money paid after the execution of the bill of sale in April, 1871, and settlement in October, 1871, was

applied, by agreement of the parties, to the payment of the money due on new stock purchased by Langhor at the October settlement. The April notes were substituted and extended by other notes. One of these notes given in October, renewal of the April notes, has never been paid and is now in the possession of the defendant. The giving of a note is no payment unless accepted as such. *Md. and N. Y. Coal and Iron Co. vs. Wingert*, 8 *Gill*, 171.

*T. A. Linthicum*, for the appellee.

The entire sum of money secured by the bill of sale, having been paid by the appellee, the bill of sale was satisfied, and the lien of the appellant on the property therein mentioned, discharged and extinguished, and the appellee is entitled to have the same released of record.

The appellant was not entitled to the possession of the property mentioned in the bill of sale after the same had been satisfied. *Marriott, Ex'r, vs. Handy*, 8 *Gill*, 41.

The appellant could not claim said bill of sale as security for any other, or different sum or sums of money, than that named in said bill of sale. *Code, Art.* 64, *sec.* 2; *Notley Young's Estate*, 3 *Md. Ch. Dec.*, 473.

Bowie, J., delivered the opinion of the Court.

This appeal is take from a decree of the Circuit Court for Baltimore County, sitting as a Court of Equity, perpetuating an injunction previously granted by said Court, and giving other and further relief.

The cause seems to have been set down for hearing, upon bill, answer, and evidence taken and returned under a commission ; no replication appears in the record, the answer was supported by affidavit.

The allegations of the appellee, the complainant below, substantially charge, that on the 24th of April, 1871, he executed an instrument in the form of an absolute bill of

sale, for the nominal consideration of seven hundred and fifty-two dollars and ninety cents, to secure the payment of two promissory notes given by the appellee, to the appellant, of the same date, for $652.92; that these notes were afterwards paid to the appellant; notwithstanding which, the appellant had seized, taken and carried away, the goods and chattels described in the bill of sale, with intent to sell them, etc.   The bill prayed, that the instrument purporting to be .a bill of sale, might be declared a mortgage, and delivered up to· be cancelled ; that an account might be taken between them, and the appellant enjoined from selling and disposing of the goods before mentioned.   The answer denied all the material allegations of the bill, averred that the instrument was intended to be an absolute bill of sale, and not a security for the notes ; denied the payment of the notes, and averred the appellee was indebted to· the appellant for a large amount, still due on the notes, which were given for other indebtedness of the appellee, on subsequent transactions; that the appellee failed to meet the notes at their maturity, and they were taken up by the respondent, and the appellee renewed the same, but had failed to pay the renewed note.   The appellant denied the taking of any articles from the possession of the appellee, except such as were enumerated in the bill of sale.

The Court below decreed that the bill of sale was a security only, for the payment of the sum of money mentioned as the consideration thereof, and not an absolute sale and transfer of the property and chattels therein mentioned ; that the money thereby secured has been fully satisfied and paid by the appellee, and the bill of sale and record thereof are void, etc., and adjudged and decreed that the appellant shall surrender the bill of sale to be cancelled, and that the injunction previously issued, be perpetual, etc.   From this decree, the defendant appealed, and insists the Court below erred in matter of fact, as well as in matter of law.

In the first aspect of the case, he contends, that assuming the bill of sale to have been given as a security for the notes of the same date, (24th April, 1871,) amounting to $652.90, those notes were not paid but renewed, and a balance still remains unpaid.

2nd. There is no case shown by the bill, that entitles the complainant to an injunction ; no charge of irreparable damages, or insolvency.

After a careful consideration of all the evidence, we think there is no reasonable doubt that the bill of sale of the 24th of April, 1871, although purporting on its face to be made for a money consideration, and without condition, was in fact a mortgage to secure the amount of the promissory notes of the same date, given by the appellee to the appellant, for $500 at 90 days, and $152.91 at 4 months, making $652.91. The evidence of the appellant alone, (although contradicting his answer,) taken in connection with the circumstances, is sufficient to show the bill of sale was executed to secure an antecedent debt, and that the notes above mentioned represented the debt to be secured. Whether these notes have been satisfied or not is the next inquiry.

Appellant's exhibit L shows that, on the 24th April, 1871, he charged the appellee, to acct. rendered, . . . . . . . . . . . . $652.91

That between that date and September 11th, 1871, inclusive, he sold him other articles amounting in all to . . . . . . . . . 1447.91

And credited him with payments aggregating . 671.00

Leaving a balance due on the whole transaction up to Oct. 11th, 1871, of . . . . . . . . 776.91

which balance was secured in part by two notes of appellee to appellant, of that date ; one for $387.96 ; one for $366.91, at 3 and 6 months, on one of which a balance remains still due, according to appellant's account, but

which is extinguished if the payments and credits claimed by the appellee are allowed.

It is apparent from the accounts rendered and filed by the appellant, against the appellee, there was a mingling in the dealings between them of the debt secured by the bill of sale, with the debts subsequently contracted, and upon the adjustment of accounts between them, on the 11th October, 1871, the first notes were surrendered, and others substituted for a different and larger amount, exceeding the actual debt due on the 24th of April more than $100, and greater than the nominal consideration of the bill of sale.

Can these notes, which include balances due on later sales and purchases, be called renewals of the old securities, or can they be segregated, and be regarded as renewals *"pro tanto?"*

Mortgages are pledges of property for certain specified debts, and cannot be a lien for any other, not particularly mentioned and expressed therein. *Art.* 64, *sec.* 2, *Code.*

The appellant's theory is, that all the moneys paid by the appellee, after the execution of the bill of sale, should be applied to the general account of the appellant against the appellee; the latter contends, the payments should have been applied to the notes secured by the bill of sale. If the latter proposition be correct, the debt intended to be secured by Exhibits S. L., Nos. 1 and 2, will be found satisfied. There is no evidence of any express application of payments by the appellee, at the time they were made. The rule laid down in *Gwinn vs. Whitaker* is, that if a debtor is indebted on mortgage, and simple contract, and neglects, when he makes a payment, to apply it, the law will apply it to the mortgage. 1 *H. & J.*, 754 ; *Dorsey vs. Gassaway*, 2 *H. & J.*, 402.

The second objection of the appellant, that there is no case made by the bill, that entitles the complainant to an injunction, if intended as an exception to the jurisdiction

of the Court below, comes too late. *Code Public General Laws, Art.* 5, *sec.* 27 ; *Knight vs. Brawner,* 14 *Md.,* 1.

But the injunction in this case was not the primary object of the bill. It was ancillary to the relief sought by the prayer for an account, and the cancellation of the mortgage or bill of sale.

The allegations were ample to give jurisdiction on these accounts, and to authorize an injunction as an auxiliary remedy.

The decree of the Court below is affirmed, with costs to the appellee.

*Decree affirmed.*

(Decided 12th January, 1877.)