# Johnson *v.* Thomas.

*Statutory Detinue for Personal Property.*

1. *Application of payments.*—When a debtor owes several distinct debts to one creditor, and makes a general payment, not directing how it shall be applied, the creditor may apply it as he pleases, and notice of the application to the debtor is not necessary; but the creditor must exercise this right *ante litem motam*, or before any controversy about it has arisen.

2. *Same.*—When an application of the payment has been once rightfully made, it can not be changed without the consent of both parties; and when it is made by the creditor, he having the right of election, it becomes irrevocable by him alone when he communicates the fact to the debtor.

3. *Application of proceeds of sale of mortgaged property.*—When mortgaged property is sold under the mortgage, the mortgagee must apply the proceeds of sale to the payment of the mortgage debt, without any special directions from the mortgagor; and he can not apply the money to another debt, without the consent of the mortgagor.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Lucius Johnson, against John Thomas, to recover " one bay horse colt named *Charley*, with

[Johnson v. Thomas.]

value of hire or use thereof from 2d January, 1883;" and was commenced in a justice's court, on 5th February, 1883. The case being removed to the Circuit Court by appeal, a bill of exceptions was there reserved by the plaintiff, as follows: "By consent, N. W. Long was substituted as defendant, instead of John Thomas; and the following facts were agreed on: The horse sued for was, in 1880, while a small colt, given verbally to plaintiff by his father, Dock Johnson, with whom plaintiff was then living; and there was no change in the actual possession of the horse, until it was taken by defendant from said Dock Johnson. At the time of said verbal gift, and ever since, said Dock Johnson has not had sufficient property to pay the indebtedness hereinafter stated. On March 27th, 1879, being indebted to said N. W. Long in the sum of $300 then due, Dock Johnson gave said Long his note for $300, with interest from date, due November 1st, 1879, and secured the same by mortgage on his crop, and upon one mare, then in foal; and the horse colt sued for was dropped by said mare in 1880. During the year 1879, Long sold goods to Dock Johnson, on open account, to the amount of $157.25; and he obtained from said Johnson in 1879 cotton amounting to $80.58 and $156.51 ($237.09), part of the crop embraced in said mortgage. Without the consent or direction of said Johnson, and without consulting him, Long applied the proceeds of said cotton as follows: $157.25 to the open account of 1879, and the balance ($70.74) to the note secured by the mortgage. During the year 1880, Long sold to said Johnson, on open account, goods to the amount of $65.31; and he received of Johnson's crop that year, on the 1st November, 1880, cotton of the value of $111.58, and on December 22d to the value of $37.17; which sums he applied, without the direction of Johnson, and without consultation with him, as follows: $65.31 to the open account of that year, and the balance ($83.44) to the mortgage note of 1879. Matters stood in this way until early in 1883, when said Long, by Thomas as his agent, took possession of the mare and colt under his mortgage, and sold the mare, on March 14th, for $24. On the trial of the case in the justice's court, the issue being whether the mortgage was paid, Long exhibited his accounts with Dock Johnson, showing amounts and application of payments as herein stated; and he was notified on said trial, by plaintiff, and by Dock Johnson, and by one Daniel, who held a mortgage upon the colt, that he must apply the entire proceeds of the cotton received of the crop of 1879 to the debt secured by the mortgage; and Dock Johnson, being present, notified him that the application of the proceeds of the crop of 1880, as shown, was satisfactory to him, and he would not permit or consent to any change in the application thereof.

[Johnson v. Thomas.]

On the trial in the Circuit Court, the issue being whether the mortgage was paid, said Long exhibited his statement of accounts with Dock Johnson, showing that he had, in accordance with instructions of said Johnson, and of said Daniel, the subsequent mortgagee, applied the whole of the proceeds of the cotton of 1879 ($237.09) to the mortgage debt, and had transferred, as he presumed he had the right to do, the credit of $83.44, proceeds of the cotton received in 1880, from the mortgage debt of 1879, to the open account of 1879."

"On these facts," the court charged the jury, at the request of the defendant, as follows: (1.) "That Long had the right to change the application of the $83,44, from the mortgage debt to the open account of 1879, notwithstanding the notice not to do so, and against the objection to his doing it." (2.) "On the evidence, the jury must find for the defendant." The plaintiff excepted to each of these charges, and requested the following charge in writing: "Long, by entering as a credit the amount of $83.44, of the crop of 1880, on the mortgage debt, thereby applied the same, *pro tanto*, to its satisfaction, and he could not afterwards transfer it; and in determining whether the mortgage was satisfied, the jury must credit it with the amount of the proceeds of the crop of 1879 received by Long, the sum of $83.44 of the crop of 1880, and the $24 received by the sale of the mare." The court refused to give this charge, and the plaintiff excepted to its refusal.

The charges given, and the refusal of the charge asked, are now assigned as error.

J. M. WHITE, and C. P. S. DANIEL, for appellant.

McKLEROY & COMER, *contra*.

SOMERVILLE. J.—Where a debtor, who owes another several distinct debts, makes a payment to him, without directing the mode of its appropriation, the creditor may apply the money as he pleases. This he may do, without giving the debtor any notice of the act by which the appropriation has been made. But the right must be exercised *ante litem motam*, or before any controversy has arisen between the parties as to the act. It is too late to attempt it after such disputation, and *a fortiori* at the time of the trial.—1 Addison on Contr. § 350; *Callahan v. Boazman*, 21 Ala. 246.

It may be considered as settled, moreover, that where a payment has been rightfully ascribed or appropriated to one of several debts, it requires the consent of both parties to change it.—1 Greenl. Ev. § 532 *a*. And the act may be considered complete, and irrevocable by the creditor alone, when, having

24

[Johnson v. Thomas.]

the right of election, he has exercised it, and communicated the fact to the debtor.—2 Whart. Contr. § 932; 1 Addison on Contr. § 350; 2 Parsons Contr. (6th ed.), 630.

The debtor unquestionably had a right to have the proceeds of sale of the mortgaged property appropriated to the satisfaction of the mortgage debt, without any special direction to this effect. This duty of the creditor is one implied by law, in the absence of the debtor's consent to have the money credited upon some other debt.—*Levystein .v. Whitman*, 59 Ala. 345; *Sanders v. Knox*, 57 Ala. 80; 2 Whart. Contr. §§ 924, 929.

The proceeds of the cotton subject to the mortgage, and shown to have been received by the mortgagee, Long, is about the sum of two hundred and thirty-seven dollars. This must be credited on the mortgage debt. The only other item in controversy is that of eighty-three 44-100 dollars, received from the crop of 1880. The creditor, Long, having elected to appropriate this money to the payment of the mortgage debt, and this fact having been communicated to the debtor, Johnson, upon occasion of the trial in the justice's court, the former had no power to change it, when .the cause was on trial in the Circuit Court on appeal.

If the mortgage debt was fully paid, the plaintiff, of course, was not entitled to recover.

The rulings of the Circuit Court were opposed to this view, as shown in giving the first and second charges requested by the defendant. The charge numbered three, requested by the plaintiff, was properly refused, because of the last clause. Long was under no duty to appropriate the twenty-four dollars received from the sale of the mare, to the payment of either debt due him by Johnson. If the mortgage debt was paid as the evidence shows, he had no right to sell the mortgaged property, and did not in fact convey any title at the sale. He may have been liable for the proceeds of sale to the purchaser, but not to the mortgagor—the latter not being able to claim both the property and the proceeds of it. He can not claim under the sale, and against it.

Reversed and remanded.