# Strickland *v*. Hardie.

*Action on Promissory Note, by Assignee against Maker.*

1. *Application of payments.*—The proceeds of mortgaged property can not be applied to the payment of any other debt, without the consent of both parties; and the same principle applies to payment in cotton, on which the creditor has a landlord's lien.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. WM. E. CLARKE.

This action was brought by John T. Hardie, against S. L. Strickland, and was founded on the defendant's promissory note for $425, which was dated December 8th, 1883, payable on the 7th December, 1884, to the order of W. T. Smith, "at the office of E. B. Goelet, Mobile, Alabama," and assigned by said Smith to plaintiff on the 20th November, 1885. The defendant pleaded the general issue and payment, and the cause was tried on issue joined on these pleas. On the trial, as the bill of exceptions states, the defendant testified, in his own behalf, that the note "was given for a mill and boiler, on which it was the last payment;" and he claimed a credit for $175, proceeds of cotton which R. P. Bledsoe, as his agent, and by his directions, had delivered to said Smith, the payee of the note, and which Smith had entered as a partial payment on another note. This latter note was dated December 12th, 1884, payable on the 1st November, 1885, and recited on its face that it was given for the rent

[Strickland v. Hardie.]

of land, including gin-house, mill, &c.; and the credit entered on it was dated November 21st, 1885. The written contract of renting, which was produced, contained a stipulation on the part of Smith, in these words: "I also obligate [myself] to repair the gin-feeder, and build a cotton press by Sept. 1st, 1885." The defendant testified, that some of the fixtures were out of repair at the end of the year 1884; that the mill, gin-house, &c., were destroyed by fire in the spring of 1885, "and that said Smith did not comply with said contract as to repairs and building of press, and never offered to do so;" and for this reason he claimed a deduction on the note given for the rent. On the 8th October, 1885, the defendant wrote a letter to said Bledsoe as his agent, which was produced, directing him to deliver to Smith the cotton received from his land, "on the mill note, and not on the rent of the land;" and proposing to submit to arbitration the question of his liability on the note given for the rent, or the deduction to which he was entitled. Bledsoe, testifying as a witness for the plaintiff, said that he read this letter to Smith, or made him fully acquainted with its contents, before delivering the cotton to him; "that he submitted to arbitration the question as to which note the cotton should be paid on, and the arbitrators decided that it should be paid on the rent note, which he accordingly did; that Smith received it as a payment on the rent note, and declined to receive it on any other indebtedness; that Smith indorsed the credit on said note in his presence, and with his approval;" that he sent notice to defendant of the intended arbitration, who replied that he was too busy to attend it, and told him to proceed; and that said letter "was the only authority on which he acted in paying over the proceeds of said cotton to Smith." The defendant testified, however, that he had no notice of the arbitration. This being all the evidence, the court charged the jury, on request of the plaintiff, that they must find a verdict for him, if they believed the evidence. The defendant excepted to this charge, and he here assigns it as error.

TAYLOE & JOHNSTON, for appellant, cited *Aderholt v. Embry*, 78 Ala. 185; *Johnson v. Thomas*, 77 Ala. 370; *Levystein v. Whitman*, 59 Ala. 346; *Mahan v. Smitherman*, 71 Ala. 567.

G. W. TAYLOR, *contra*, cited the same cases.

[Strickland v. Hardie.]

STONE, C. J.—The defense attempted in this case entirely misapprehends our rulings.

In *Levystein v. Whitman*, 59 Ala. 345, there was a mortgage, and part of the payment claimed was proceeds of cotton covered by the mortgage, while another part was derived from cotton not covered by the mortgage. The opinion in that case laid down the rule as to the application of the money, derived from cotton on which the mortgagee had no lien. As to the cotton covered by the mortgage, and the application of its proceeds, we said : "If a creditor proposes to divert a payment from the relief of the source or fund from which it arises, he must show for the diversion the authority of the party to be affected." In another place it was said : "On them (mortgagees) rests the burden of showing that there was an agreement, express or implied, with the mortgagor, by which it (the proceeds of the mortgage cotton) would be applied otherwise than to the mortgage debt."

In *Mahan v. Smitherman*, 71 Ala. 567, it was simply decided, that the payee could not apply proceeds of cotton on which he held a lien, to the payment of a non-secured debt, without the consent of the lienor, who made the payment. It was neither decided, nor intended to be decided, that the lienor could divert the payment from the lien debt, without the consent of the lienee.

*Johnson v. Thomas*, 77 Ala. 367, is not distinguishable from the foregoing. In that case the question was, whether the mortgagee, without the consent of the mortgagor, could apply the proceeds of mortgaged cotton to the payment of a different debt. We held he could not.

In *Aderholt v. Embry*, 78 Ala. 185, there was a statutory lien on the same cotton, for the payment of two debts. We held that, in such case, the general rule as to the application of payments obtained so far as the two debts were concerned. The law had declared a lien in favor of each of the claims, and, as between debts thus situated, the general rule for appropriating payments, first by debtor, next by creditor, etc., we declared was the true rule. We have not decided that the proceeds of property, on which there is a mortgage or other lien, can be applied to a debt not secured by the mortgage or lien, without the consent of both parties. We hold the converse of that to be the law. *Askew v. Steiner*, 76 Ala. 218.

Affirmed.