## Bostick *v.* Jacobs *et al.*

*Bill in Equity to compel the Application of Proceeds from Mortgage Sale.*

1. *Mortgage securing several debts; application of proceeds of sale.*—Where a mortgage is given to secure several notes, upon two of which there is a surety who was not a party to the mortgage, upon the foreclosure of the mortgage, the mortgagee must see that a just proportion of the proceeds of the sale is applied to the discharge of the notes upon which the surety is bound, and the portion of the proceeds at such sale applicable to the debt on which the surety is bound will be credited as a payment *pro tanto* on such debt, and the surety to that extent discharged.

APPEAL from the Chancery Court of Jackson.
Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant, F. A. Bostick, against the appellees on August 4, 1899, and averred substantially the following facts: On July 5, 1898, J. W. Shoemaker purchased a certain tract of land from the defendants for the sum of $4,000. This was a credit transaction and Shoemaker executed his four promissory notes to his vendors, one for $500 due November 1, 1898, one for $1,000 due January 1, 1899, one for $1,000 due November 1, 1899, and one for $1,500 due January 1, 1900. The complainant, F. A. Bostick, signed the first of these notes executed by Shoemaker by deed and Shoemaker executed a mortgage to them upon the same property to secure the payment of the four notes above mentioned. Upon default in the payment of the first two notes, the defendant brought a suit in the circuit court against the appellant as surety on the first two notes, and on March 7, 1899, recovered a judgment against the complainant in the sum of $7,738.72. On June 12, 1899, the defendants, by virtue of the power contained in the mortgage, foreclosed said mortgage and at said foreclosure sale

became the purchoser of the property for $1,600. Shortly after the foreclosure of the mortgage and the purchase of the mortgaged property by the defendants they sold the property so purchased to one Smith for the sum of $4,000. It was then averred in the bill that it was understood and agreed between the complainant and Shoemaker on the one side and the defendants on the other, that the complainant should be protected as such surety by the mortgage which was to be executed on the property so purchased by Shoemaker and the defendants; that this mortgage was to be primarily for the protection of the complainant as surety on said two notes; that the mortgage executed was not such a mortgage as was agreed to be given, and did not give to complainant the primary protection agreed upon; that said mortgage not only secured the first two notes, but also the entire indebtedness as evidenced by the other two notes, and that it was stipulated therein that upon the failure to pay either one of said notes, the whole mortgage indebtedness should become due and payable and the mortgage should be foreclosed, and that in this respect the said mortgage departed from the agreement and understanding between the complainants and the defendants; that the complainant was entitled to the benefit of the proceeds arising from the foreclosure of said mortgage or from any fund realized from the property described in said mortgage and has the right to have it applied for his benefit on such two notes on which he is surety, in preference to the note on which he is not surety; that the defendants have received out of the proceeds of such mortgaged property a sum sufficient to liquidate the two notes which he signed as surety, and that he is entitled to have such notes cancelled and to be discharged from further liability on account of his said suretyship, and that the stipulation contained in said mortgage as hereinabove stated, providing for the maturity of all the notes upon default being made in the payment of any one of them, was without the knowledge or consent of the complainant.

The prayer of the bill was that a reference be taken before the register to ascertain what had been received

by the defendants on account of the foreclosure and sale of the mortgage, or any sum specifically received on the resale of the property, "and that the amount so ascertained may be by the order and decree of this court applied for the benefit of complainant as surety on said notes aforesaid, and that if the amount be sufficient that the same may be cancelled and that the judgment obtained thereon against this complainant may also be adjudged and decreed to be satisfied, and if said sum should be less than the amount necessary to satisfy said notes and said judgment, that the same may be applied to the exclusive credit of this complainant *pro tanto* on said notes on which he is surety and the same may be satisfied to that extent." It was also prayed that said judgment against the complainant be marked satisfied and cancelled. The defendants demurred to the bill and prayed to dismiss the same for the want of equity.

Upon the submission of the cause upon the demurrer and motion, the court rendered a decree sustaining the demurrer and motion, and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

F. A. BOSTICK, for appellant, cited *White v. Life Asso.*, 63 Ala. 419; *Knight v. Curry*, 62 Ala. 404; *Henderson v. Huey*, 45 Ala. 275; *Bank v. Moore*, 3 L. R. 302; *Lehman v. Hughes*, 73 Ala. 302; *Holland v. Kimbrough*, 52 Ala. 249; *Cunningham v. Milner*, 56 Ala. 522; 1 Greenleaf on Evidence, § 279; Code, § 2629.

J. B. TALLY and MARTIN & BOULDIN, *contra*, cited *Morrison v. Bank*, 23 Ala. 39; *Insurance Co. v. Bank*, 17 Ala. 101; *Opp v. Ward*, 21 Ala. 220; *Lyon v. Leavitt*, 3 Ala. 430; 24 Am. & Eng. Ency. Law, 200, note 1; 202, note 5; 18 Am. & Eng. Ency. Law, 234, note 2; 240, note 1.

TYSON, J.—The bill in this cause presents two theories upon which the complainant relies to have the two notes which he executed as surety for the mort-

gagor, and upon which judgment was recovered against him, before the sale under the power contained in the mortgage was had, satisfied and discharged. The first of these proceeds upon the averment that the terms of the mortgage, to which he is not a party, are not in accordance with the understanding had with him by which he agreed to become bound as surety. This phase of the case, however, is not insisted upon in argument.

The other phase of the bill presents a case for equitable relief, not to the extent of having the entire proceeds derived from the sale under the mortgage applied to a release or satisfaction of the judgment, but only *pro rata*. By the terms of the mortgage, upon default in the payment of the first maturing note, upon which complainant was surety, the whole mortgage debt, including the other one upon which he was surety as well as the two notes executed by the mortgagor alone, became due and payable. In short, the default at maturity of the first maturing note matured the other three, thereby destroying all priority in the distribution of the proceeds of the sale, of one note over another. 2 Jones on Mortgages, § 1703; also §§ 1179-1183.

Again the mortgage conferring no authority upon the mortgagees to apply the proceeds of the sale of the mortgaged property to the payment of any notes to the exclusion of the others, the law applied the proceeds to the entire debt secured by the mortgage. This being true, the complainant as surety has the right to have the proceeds of the sale (sixteen hundred dollars) applied in just proporton to the discharge of that portion of the debt for which he is bound.—*Fielder v. Varner*, 45 Ala. 429; *Orleans Co. Nat. Bank v. Moore*, 3 L. R. A. 302; 2 Jones on Mortgages (5th ed.), § 1706.

It is scarcely necessary, in conclusion, to say that, under no possible aspect of the case is the complainant, and for that matter can never become, entitled to have the proceeds of the sale to Smith by the respondents, as purchasers, applied to a discharge of his liability to them.

The decree of the court dismissing the bill for want

[Christopher v. Stewart.]

of equity is reversed, and a decree will be here rendered overruling the motion.

Reversed and rendered.