# Phillips, *et al. v.* Birmingham Industrial Company.

## *Bill for Receiver.*

(Decided Jan. 12, 1911. Rehearing denied Feb. 16, 1911. 54 South. 603.)

*Mortgages; Foreclosure; Purchaser; Receiver.*—Under the facts in this case the purchaser at the foreclosure sale, as against the mortgagor and his privies in estate became invested with both the legal and the equitable title, together with the right to immediate possession, and hence, was entitled to equitable relief in support of his action at law, although prior to his foreclosure he was only a second mortgagee.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Birmingham Industrial Company against Lovick W. Phillips and others for a receiver to take charge of property pending litigation. From a decree for complainant respondents appeal. Affirmed.

W. K. TERRY, W. T. STEWART, and J. M. CHILTON, for appellant. If the bill had been filed by a first mortgagee,

it would have been wanting in the first essential element of a good bill as there was no averment that the property was insufficient to pay the mortgage debt.—*Scott v. Ware*, 65 Ala. 174; *Warren v. Pitts*, 114 Ala. 65. It is certain that no greater or better rights to the rents can be asserted in a bill filed in aid of an action of ejectment than could be asserted in a bill to foreclose and appoint a receiver for the rents. The complainant took merely the equity of redemption, and as the owner of such equity, the right it acquired was to pay off the first mortgage and foreclose for both.—*Kelly v. Longshore*, 78 Ala. 203; *Farris v. Houston*, 78 Ala. 256; *Ware v. Hamilton*, 92 Ala. 150; *Bingham v. Vandegrift*, 93 Ala. 285; *Thornton v. Strauss*, 79 Ala. 166; *Wimberly v. Mayberry*, 94 Ala. 262; *Draper v. Walker*, 98 Ala. 312; *Mitchum v. Scheussler*, 98 Ala. 638; *Norton v. British A. M. Co.* 113 Ala. 117; *Farmers S. & B. & L. Assn. v. Kent*, 117 Ala. 628. It is insisted that a second mortgagee cannot maintain ejectment against the mortgagor while the first mortgage remains unpaid, and if it cannot maintain ejectment, of course, it cannot maintain a bill in aid of an action in ejectment, since ejectment is based upon possession of the legal title.—*Hambrick v. N. E. L. Co.* 100 Ala. 551; *High v. Hoffman*, 129 Ala. 359; *Farmers S. & B. & L. Assn. v. Greenwood*, 137 Ala. 257; *Jackson v. Tribble*, 156 Ala. 487 *Stoudemeyer v. Hart*, 155 Ala. 244. The second mortgagee has no right except to redeem from the first mortgagee after foreclosure, and then foreclose as for both.—4 Mayf. 218, 530. It affirmatively appears from the bill therefor for the reasons above stated, and for the further reason that Dr. Phillips was not in possession, that no action of ejectment could be brought against him. —*Smith v. Gayle*, 58 Ala. 600; *Banks v. Spears*, 117 Ala. 264. The court erred to the prejudice of the appellant in dismissing his cross bill, 1st, because the bill set up

[Phillips, et al v. Birmingham Industrial Company.]

independent and affirmative cause for relief.—*Webster v. DeBardelaben,* 147 Ala. 280; and because it was the duty of the chancellor to grant such relief under the cross bill as would be proper.—*Meyer v. C. L. Co.* 133 Ala. 557; *Bedell v. N. E. M. & S. Co.* 91 Ala. 326; *Abels v. P. & M. I. Co.* 92 Ala. 386.

JOHN M. CALDWELL, CALDWELL BRADSHAW, and A. LATADY, for appellee. Under the facts in this case the court very properly granted a receiver.—*Bank of Florence v. U. S. S. & L. Co.* 104 Ala. 299. There was no doubt of the plaintiff's right to recover at law, and as the foreclosure of the mortgage is averred in the bill and admitted in the answer, and as no set off can be pleaded in an action at law (*Williams v. Handricks,* 115 Ala. 273) the matters sought to be engrafted here by appellant cannot be considered. This is not a case of a receiver in aid of foreclosure, but of a receiver ancillary to a suit at law after foreclosure.—*Mortgage Co. v. Turner,* 95 Ala. 272. The plaintiffs could have maintained ejectment both against Phillips and his tenants.—*Banks v. Robinson,* 82 Ala. 69; *Cotton v. Carlisle,* 85 Ala. 175. The court took the proper action relative to the cross bill. —*Hudspeth v. Thompson,* 46 Ala. 470; *Green v. Casey,* 70 Ala. 417.

DOWDELL, C. J.—The averments of the bill show that the appellant Phillips executed a mortgage to the Birmingham Industrial Company, appellee, embracing the real and personal property described in the bill, and that there was a foreclosure of the mortgage under the power contained in it, and at the foreclosure sale the appellee became the purchaser. The appellee then made demand for possession on Phillips, the mortgagor, and H. C. and Emma Cristlieb, the mortgagor's tenants, who

were in the actual possession of the property under a lease from Phillips executed subsequent to the execution of the mortgage, and met a refusal to surrender possession on said demand. Thereupon appellee brought suit in ejectment against respondents in this bill for the real estate, and subsequent to the filing of this bill instituted detinue. The bill avers the nonresidence of the respondent Phillips, and the insolvency of all of the respondents. The prayer of the bill is for a receiver, and its chief and only purpose is for the appointment of a receiver to take possession of the property and intercept the rents pending the actions at law. The bill in its character and essence is simply ancillary to the suits at law. The answer to the bill, as amended, and which is asked to be made a cross-bill, admits the averments of the bill, except as to the nonresidence of Phillips and the insolvency of the respondents, and as to charge of collusion on the part of the respondents, and those charges are denied. The application for a receiver, upon timely notice, was heard by the chancellor on bill, answer, and affidavit, and a receiver was appointed. That the chancellor was justified on the proof in determining the disputed questions of nonresidence and insolvency against the respondents and in favor of complaint we think there can be no doubt.

No appeal was prosecuted from the order of appointment of receiver, and the receiver took possession of the property and collected the rents. The suits at law, both in ejectment and detinue, proceeded to final judgment in favor of the plaintiff, the appellee here and complainant in this bill. Appropriate writs were issued on the judgments at law, and on the petition of the complainant the chancery court allowed them to be served upon the receiver, and under these writs the possession of the real and personal property was delivered the complainant.

The receiver made a report of his receivership and filed his accounts under appropriate orders of the court. The purpose of the receivership having been fulfilled, the cause was then submitted for final hearing on the pleadings and proof, and a decree rendered discharging the receiver, and dismissing the respondents' cross-bill; no steps having been taken by the respondents to bring their cross-bill to a hearing on answer or by decree pro confesso for failure to answer. In *Bank of Florence v. Savings & Loan Co.*, 104 Ala. on page 299, 16 South. on page 110, it was said: "When an application is made for the appointment of a receiver, the primary inquiry is whether there is shown a reasonable probability that the plaintiff asking the appointment will ultimately succeed in obtaining the general relief sought by the suit." The relief sought here is in aid of the action at law. Can there be any doubt, on the facts as shown in this case, of the reasonable probability of the plaintiff's ultimately succeeding in the action at law? It is insisted by counsel that the complainant was a second mortgagee, and therefore only held an equitable title, which would not support an action of ejectment. As a general rule this proposition is sound; but the facts in the case before us make it an exception to the general rule. The action of ejectment here is by the mortgagee after foreclosure and purchase under the foreclosure sale against the mortgagor and his tenants holding under lease subsequent to the execution of the mortgage. In such cases the mortgagee, as against the mortgagor and his privies in estate subsequent to the making of the mortgage, becomes vested with the title both legal and equitable. This doctrine is well established in the case of *Cotton v. Carlisle*, 85 Ala. 175, 4 South. 670, 7 Am. St. Rep. 29, citing the case of *Marks v. Robinson*, 28 Ala. 69, 2 South. 292, where the question is considered at length and authorities collated.

On these cases there can be no doubt of the right of the complainant to maintain his action at law in ejectment.

As to the appointment of a receiver in the case on the bill and the facts as presented, the case of *Mortgage Company v. Turner*, 95 Ala. 272, 11 South, 211 strikingly analogous to the one at bar, we think, is conclusive of the correctness of the chancellor's ruling. As against the mortgagor and his tenants holding under him, the complainant here, plaintiff in action of ejectment at law, was the owner of the real estate, with immediate right of possession, and entitled to the rents and to have the same secured to him against waste or loss. The cases cited and relied on by appellants were those where the bill was for a foreclosure of the mortgage in equity, and are differentiated both on facts and principle from the case here. In those cases the mortgage was regarded as a security for the mortgage debt, and the value of the mortgage property was in question; whereas here the mortgagee has become the absolute owner of the property mortgaged, and the question of its value is immaterial in the matter of the appointment of a receiver.

We are unable to see that any error was committed in the appointment of a receiver, or in the final disposition of the case, and the decree appealed from will be affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.