(79 South. 378)

HUDSON v. WILSON & CO. et al.
(8 Div. 138.)

(Supreme Court of Alabama. June 27, 1918.)

1. PAYMENT ⬥47(1)—APPLICATION.

Where, as to tenant's personalty, plaintiff's lien for rent for years 1915 and 1916 was inferior to defendants' mortgage lien so far as rent for 1916 was concerned, and plaintiff took possession of certain of tenant's personalty, subject to both liens, and defendant took possession of other personalty of the tenant, likewise covered by both liens, defendants were liable, in action for destruction of plaintiff's lien, only for the difference between the total rent for 1915 and the value of the property taken by her, after applying such value to the payment of the rent for 1915, irrespective of whether plaintiff's demand for rent for both years had been reduced to judgment in solido.

2. PAYMENT ⬥47(1)—APPLICATION.

Where the parties have made no appropriation of payments, and the court is called upon to make it, the equities of third persons will be consulted, and appropriation made according to the intrinsic justice and equity of the case.

Appeal from Circuit Court, Franklin County; J. J. Curtis, Judge.

Action by Pherbia Hudson against Wilson & Co., and others. From judgment in her favor for part of the relief demanded, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 200 Ala. 158.          [2] 201 Ala. 616.

Travis Williams, of Russellville, for appellant. W. H. Key, of Russellville, and A. H. Carmichael, of Tuscumbia, for appellees.

SAYRE, J. Plaintiff sued defendants in an action on the case, alleging that defendants had destroyed plaintiff's lien as landlord on certain articles of personal property. Plaintiff had judgment in the circuit court, but has appealed on the ground that the damages suffered by her were erroneously assessed.

Plaintiff, as landlord, had a lien on the personal property of one Armstrong for the rent of certain houses on a lot in the town of Russellville for the years 1915 and 1916; but defendants had a mortgage lien on the same property, which, the parties agree, was superior to plaintiff's lien so far as the rent for 1916 was concerned. Plaintiff's tenant, defendants' mortgagor, absconded in the year 1916, and thereafter plaintiff, in an effort to collect her rent, took possession of certain articles of the property which belonged to Armstrong and were subject to both liens. Afterwards defendants, in the effort to collect their debt, took possession of other articles of personal property, likewise covered by both liens, and for this plaintiff sued. Acting under instructions from the court, the jury applied the value of the property taken by plaintiff on the rent for 1915, and gave plaintiff a verdict—upon which judgment followed—for the difference between the total rent for 1915 and the value of the property taken by her. Plaintiff contends that the value of the property taken by her should have been appropriated to the rent for the year 1916, or, conceding that she had reduced her claim for rent for the years 1915 and 1916 to judgment in solido, that at least the value of the property should have been prorated between the rent for the two years, thus, in either event, increasing the amount of her recovery.

[1] No suretyship was involved, as was the case in Bostick v. Jacobs, 133 Ala. 344, 32 South. 136, 91 Am. St. Rep. 36, cited by appellant, and hence no right arising out of such relation; nor do we see that it makes any difference at all that plaintiff's demand for the rent of the two years had been reduced to judgment in solido. As for the question presented by the appeal, the rights of the parties after the judgment were just what they had been before.

[2] In general, the right to appropriate payments belongs to debtor and creditor; but where, as in this case, the parties have made no appropriation, and the court is called upon to make it, the equities of third persons will be consulted. 30 Cyc. 1250, 1251. The general principle adopted by the courts is to make appropriation according to the intrinsic justice and equity of the case. Callahan v. Boazman, 21 Ala. 246. However attained in

the trial court—as to that one of the briefs makes a statement that we are unable to verify from the record—the result gave effect to the legal and equitable rights of the parties. Out of the goods of the absconding debtor plaintiff, appellant was entitled, first, to satisfaction of her rent charge for the year 1915, and, next in order, defendants, appellees, were entitled to have their mortgage lien satisfied. The result achieved in the circuit court was in agreement with this rule, and must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.