178 So.2d 164

**GORDONS TRANSPORTS FEDERAL CREDIT UNION**

v.

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, Inc.**

**6 Div. 227.**

Supreme Court of Alabama.

Sept. 2, 1965.

Jos. J. Jasper and Weaver & Herrin, Birmingham, for appellant.

Cato & Hicks, Birmingham, for appellee.

MERRILL, Justice.

Appeal from a judgment in favor of defendant on an agreed statement of facts. Suit was originally brought by appellant in the Jefferson County Civil Court where judgment was rendered for appellant for $1250. On appeal to the circuit court, and on the same facts, judgment was rendered for defendant. A motion for a new trial was overruled.

On September 26, 1962, appellant loaned one Bobby F. Cherry $3,148.84. As security for the loan, Cherry executed a mortgage on a 1962 Ford station wagon to appellant. Cherry also furnished a certificate of insurance, issued by appellee, Alabama Farm Bureau Mutual Casualty Insurance Co., Inc. Subsequently, Cherry defaulted on his payments on the mortgage and appellant agreed with Cherry to receive the automobile in satisfaction of the indebtedness and did receive it by bill of sale dated September 28, 1963. Later that same day, one of appellant's employees was transporting the automobile to the home office of appellant, and became involved in an accident whereby the automobile was totally destroyed. At the time Cherry executed the bill of sale, his indebtedness to appellant was $2500 and the N.A.D.A. book value of the automobile was $1695. The certificate of insurance had been issued on September 27, 1962, and appellant was listed therein as the lien holder. The appellee had not been notified of the change of ownership of the automobile. The premium had been paid and the policy was in force the day the automobile was destroyed.

The sole question is whether the mortgagee, appellant, has a right to the proceeds of the insurance after accepting the property and bill of sale to the property in satisfaction of the debt.

We think this question has been settled in this jurisdiction in the case of Aetna Ins. Co. v. Baldwin County Building & Loan Ass'n, 231 Ala. 102, 163 So. 604, where we said:

" * * * Plaintiff had security for that debt consisting of a mortgage on property and a claim for the loss on the insurance policy. But in no event, and from those or other sources, was he due to collect more than his mortgage debt. He could elect what course to pursue to collect his debt, or pursue them all at the same time. Enforce some or all his collateral and sue the debtor on his personal liability. If the debtor paid him by a voluntary act, all his rights and remedies immediately terminated, and he could not proceed further to enforce any feature of his security. While he had a claim fixed by the fire loss, it was only as security, and it could and would have terminated by such voluntary payment. No one will contend that a creditor may sue on a collateral note after the debt is paid for which he holds it as collateral, though it became due and liability on it was certain and fixed before the principal debt was paid. A debt is as effectually paid whether by the voluntary act of the debtor, or by compulsory proceedings of any sort which have that legal effect. When so, all rights as a creditor immediately terminate. The further rights of the parties will then depend upon the status created by the incidents which terminate the relation of debtor and creditor. A new relation then begins, controlled by its own terms. Unless by such arrangement the former creditor reserves the ownership or the right to collect the collateral which he held when a creditor, that right terminates with the relation to which it was but an incident.

"It is a fixed principle that when a mortgagee forecloses his mortgage, and

340

at the sale the property brings, and he collects the full amount of his debt, he is no longer a creditor, but his debt is paid. This is so when he buys at the sale, with due authority, bidding the full amount of his debt. He is then the owner of the property, and not a creditor. There is in the former owner only a statutory right, which is not a property ownership. He has collected his debt as effectually as if another had bought the property and paid him the full amount as purchase money, or if the debtor had paid him in cash of his own accord. Alford v. Southern B. & L. Ass'n, 228 Ala. 412, 153 So. 864; Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105; Jones v. Meriwether, 203 Ala. 155, 82 So. 185; Harris v. Miller, 71 Ala. 26; Allison v. Cody, 206 Ala. 88, 89 So. 238."

■ We have held that once a mortgagee has collected his debt, whether by a suit for a personal judgment against the debtor, or for damages, or by a foreclosure, or by voluntary payment of it, he cannot pursue any other remedy. He is not entitled to collect the debt twice. Sloss-Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511, 165 So. 764, 109 A.L.R. 385.

■ Here, when the mortgagor, Cherry, delivered the automobile to the mortgagee and gave his bill of sale in full satisfaction of the indebtedness, the relationship of mortgagor and mortgagee terminated and there was no balance due. Therefore, the mortgagee had no claim under the insurance policy because the mortgagee was covered only to the extent of the mortgage indebtedness.

■ Appellant ceased to be a mortgagee or lien holder by virtue of the voluntary return of the automobile and the voluntary acceptance by appellant of its return in satisfaction of the debt. From that moment on, there was no unpaid indebtedness which the insurance could cover, and it follows that the trial court correctly rendered judgment in favor of appellee.

This opinion is limited to the facts of this case. If the indebtedness had not been satisfied, or had the return of the automobile merely reduced the indebtedness, then a different result would have been reached, because the mortgagee would still have had an interest to be covered by the insurance.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.