■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SPELLMAN, Appellant.—Judgment of the Supreme Court, Richmond County, rendered June 25, 1973, affirmed. No opinion. The case is remitted to the Supreme Court, Richmond County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). Rabin, Acting P. J., Hopkins, Latham, Christ and Brennan, JJ., concur.

■

## (December 15, 1975)

■ BAND REALTY COMPANY, Respondent, v NORTH BREWSTER, INC., Appellant, et al., Defendants.—In an action to foreclose a mortgage on real property, defendant North Brewster, Inc., appeals from a judgment of the Supreme Court, Dutchess County, entered February 21, 1975, upon a prior determination granting plaintiff's motion for summary judgment. Judgment affirmed, with $50 costs and disbursements. In determining whether interest is usurious, courts should not substitute the "present-value" method of computing interest for the traditional method of computation (Band Realty Co. v North Brewster, 37 NY2d 460). Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.

■ WILLIAM R. BARONE, SR., et al., Plaintiffs, v WILLIAM GELLIS, SR., et al., Defendants and Third-Party Plaintiffs-Respondents. MOBIL OIL CORPORATION et al., Third-Party Defendants-Appellants.—In a defamation action in which, in a third-party complaint, it is alleged, inter alia, that the third-party defendants had published the defamatory statements at issue, the third-party defendants appeal from so much of an order of the Supreme Court, Nassau County, dated April 30, 1975, as denied their motion to dismiss the three causes of action contained in the third-party complaint. Order modified, on the law, by deleting from the decretal paragraph thereof, after the word "denied", the following, "as to the second cause of action and granted as to the first and third causes of action". As so modified, order affirmed insofar as appealed from, without costs. The liability of the third-party defendants, as alleged in the first and third causes of action of the third-party complaint, does not arise from the liability of defendants to plaintiffs (see Horn v Ketchum, 27 AD2d 759). Here, the third-party claim asserted in the first and third causes of action is clearly not conditioned upon, does not arise from, and is not based upon the liability of defendants to plaintiffs. Martuscello, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.