■ BAND REALTY COMPANY, Respondent, v NORTH BREWSTER, INC., Appellant, et al., Defendants.—In an action to foreclose a mortgage on real property, defendant appeals from so much of an order of the Supreme Court, Dutchess County, dated August 11, 1976, as, upon granting its motion to cancel certain stay bonds, did so conditionally. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and the condition is deleted. In 1975 the plaintiff mortgagee obtained a judgment of foreclosure and sale against the defendant mortgagor. That judgment was affirmed by this court *(Band Realty Co. v North Brewster, Inc.,* 50 AD2d 828). Pending the determination of the appeal, stay bonds were posted which contained the following provision: "Said undertaking to be on terms that the Defendant, North Brewster, Inc. do not commit, or suffer to be

committed, any waste of the mortgaged premises, and if a judgment appealed from is affirmed or the appeal is dismissed, the said defendant shall pay any deficiency upon the sale of the mortgaged real property, such bond to be in the total sum of $10,000." A foreclosure sale of the mortgaged property was held and the referee's report of sale was filed in the office of the Clerk of Dutchess County. No motion for a deficiency judgment was made. Approximately four months later, the mortgagor moved for the discharge of the stay bonds. The motion was opposed on the ground that waste had been committed on the property some time after the posting of the bonds. Special Term granted the motion, on the condition that the mortgagee not commence an action on the bonds within 20 days from the service of a copy of the said order; such an action was commenced. Since no motion for a deficiency judgment was made within the prescribed time limits, the proceeds of the foreclosure sale are deemed to be in full satisfaction of the mortgage debt (see Real Property Actions and Proceedings Law, § 1371, subd 3). The foundation of an action for waste by a mortgagee is the impairment of the security of the mortgage with knowledge of the lien (see *Ogden Lbr. Co. v Busse,* 92 App Div 143). Since the mortgagee is deemed to have already recovered the entire amount of its mortgage, no impairment of its security exists and no recovery for waste will be allowed (see *Ferraro v Marrillard Bldrs.,* 227 App Div 448, 451). Accordingly, the motion to discharge the bonds should have been unconditionally granted. Shapiro, J. P., Titone, Suozzi and O'Connor, JJ., concur.