**In re Luvern MORRIS, Debtor.**

**Bankruptcy No. 96–02172–BGC–13.**

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

Sept. 11, 1996.

Marylee Abele, Birmingham, Alabama, for Debtor.

John Frawley, Jr., Birmingham, Alabama, for Claimant.

David P. Rogers, Jr., Chapter 13 Standing Trustee, Birmingham, Alabama.

## ORDER SUSTAINING OBJECTION TO CLAIM

BENJAMIN COHEN, Bankruptcy Judge.

Kenneth McGehee filed a claim in this case on April 9, 1996. That claim was docketed as Claim No. 2 in the amount of $12,869.83. The matter before the Court is the Debtor's *Objection to Claim* No. 2 filed on May 13, 1996. After notice, a hearing was held on June 17, 1996 and the matter was taken under advisement. On August 12, 1996 a status conference was held at which time counsel for the parties assisted the Court by making oral arguments. Luvern Morris, the Debtor; Marylee Abele, the attorney for the Debtor; and John Frawley, Jr., the attorney for the Claimant, appeared.

### I. Facts

The facts are undisputed. The mortgagee on the debtor's foreclosed mortgage filed a claim in the debtor's case on April 9, 1996 for $12,869.83. This claim represented the difference in the amount the mortgagee paid at the mortgage foreclosure sale and the amount the mortgagee received from a subsequent sale.

The foreclosure sale was conducted on January 15, 1992. The balance due on the mortgage at the time of the sale was $17,-285.00. The mortgagee bid in the full amount due of $17,285.00. The mortgagee later sold the property to a third party for $4,200.00. The mortgagee now claims a mortgage deficiency of $12,869.83 or the difference in the amounts paid plus some expenses.

### II. Contentions

The mortgagee contends that he was prevented from inspecting the property before the foreclosure sale and that the condition of the property was the reason for the decline in value. The mortgagee contends that he is entitled to the difference in the market values of the property based on an alleged tort committed against him by the debtor in association with the property or because of a breach of contract in the maintenance of the property. The debtor contends that the mortgage was satisfied when the mortgagee "purchased" the property for the full balance due on the mortgage.

### III. Issue

The only matter before the Court is the debtor's objection to the mortgagee's claim.[1] To decide this question the Court

---

1. The mortgagee's proof of claim does not contain information which suggests that it is based on the mortgagor's destruction of the mortgaged property. The space provided on the proof of claim for supplying the basis for the claim merely contains the words "mortgage deficiency." The basis of the mortgagee's claim was explained at the hearing on June 17.

A suit, CV–92–01993, involving the issues discussed herein, is pending in the Circuit Court of Jefferson County, Alabama. To allow the state court to consider those issues, the mortgagee made an oral Motion for Relief from Stay at the hearing on the objection. This Court indicated at the hearing that relief from the stay would be granted based on the oral motion. The Court's tentative decision to grant the oral motion was based on the possibility that Alabama law on the issues raised by the mortgagee's claim was, as

yet, undefined, and that, consequently, a state court might be better equipped to interpret that law as it relates to the mortgagee's tort and breach of contract claims. However, after an analysis of Alabama law, the Court concludes that Alabama law is not undefined at all, but, instead, is very clear. A full credit bid at a foreclosure sale by a mortgagee not only precludes the possibility of a deficiency claim, but also terminates any right of action the mortgagee may have had against the mortgagor for waste committed prior to the foreclosure sale. See cases cited at note 4 below. The fact that the mortgagee characterizes its claims in terms of tort or breach of contract does not appear to change that law. Because the state law germane to the issues involved herein is not uncertain, application of that law to the facts in this case does not necessarily require the experience and

must consider the mortgage foreclosure law of Alabama.[2]

## IV. Holding

Justice Janie L. Shores, writing for the Supreme Court of Alabama in *Davis v. Huntsville Production Credit Association*, 481 So.2d 1103, 1105–06 (Ala.1985), stated:

It is well settled in Alabama that foreclosure of a mortgage extinguishes the debt to the amount of the purchase price, if that amount is less than the debt, or extinguishes the entire debt if the purchase price is more than that amount. *Mobley v. Brundidge Banking Co.*, 347 So.2d 1347, 1352 (Ala.1977); *Alford v. Southern Building & Loan Association*, 228 Ala. 412, 413, 153 So. 864, 865 (1934). Where a mortgagee purchases the premises on foreclosure for a sum equal to the sum of the mortgage note or debt and lawful expenses, the purchase operates as an extinguishment of the debt, and the mortgagee is precluded from further recovery on the debt. *Whigham v. Travelodge International, Inc.*, 349 So.2d 1078, 1083 (Ala.1977); *Oden v. King*, 216 Ala. 504, 508–09, 113 So. 609, 612 (1927).

*Id.* at 1105–06.[3]

■■■ The claim filed in this case relates only to satisfaction of the mortgage. As the law in Alabama is quite clear in this regard, this Court finds that the debtor's mortgage debt was satisfied when the mortgagee purchased the property for an amount equal to the amount of the outstanding mortgage balance. Furthermore, satisfaction of the mortgage debt terminated any right of action the mortgagee may have had against the debtor, or any other party for that matter, for injuries caused to the mortgaged property prior to foreclosure.[4] As stated by the Supreme

expertise of a state court judge, so that relief from the stay is not warranted at this time. To do otherwise would require the debtor to suffer the expense of time and money to defend a suit which is not necessary. See *Smith v. Tricare Rehabilitation Systems, Inc. (In re Tricare Rehabilitation Systems, Inc.)*, 181 B.R. 569 (Bankr. N.D.Ala.1994) where this Court discusses the factors to consider in determining whether a lawsuit against a bankruptcy debtor should continue in the forum in which it originated. The Court has considered those factors in this case and finds that the state court matter should not proceed.

2. Because there is no federal foreclosure law, Alabama foreclosure law controls. *In re McKinney*, 174 B.R. 330, 333–34 (Bankr.S.D.Ala.1994) (citing *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994)).

3. See also *Muscle Shoals National Bank v. Hallmark*, 399 So.2d 297 (Ala.1981) where the Supreme Court of Alabama held that where a mortgagee bid in the full amount of the outstanding loan plus expenses but later sold the property to a third party for less than the amount bid that the mortgagee was not entitled to the difference in the foreclosure sale amount and the subsequent sale amount. Writing for the Court, Chief Justice Torbert stated:

It is well settled in Alabama that proceeds from the sale of mortgaged property must be applied to the debt secured by the property. See, *Pearce v. Mills*, 190 Ala. 616, 67 So. 581 (1914); *Strickland v. Hardie*, 82 Ala. 412, 3 So. 40 (1887); *Johnson v. Thomas*, 77 Ala. 367 (1885). Therefore, once the mortgaged property was sold upon foreclosure, Muscle Shoals was bound to apply the proceeds to the debt. Had the sale yielded an amount in excess of the debt, the Hallmarks would have been entitled to such excess amount. *Continental Casualty Co. v. Brawner*, 227 Ala. 98, 148 So. 809 (1933); *Hayes v. Woods*, 72 Ala. 92 (1882). The result is unchanged by the fact that the purchaser was the mortgagee. See, *Pruett v. First National Bank of Anniston*, 229 Ala. 441, 157 So. 846 (1934). Furthermore, payment or satisfaction of the debt discharged the guarantors. *Shur–Gain Feed Division William Davies Co. v. Huntsville Production Credit Association*, 372 So.2d 1317 (Ala.Civ.App.1979). Therefore, foreclosure operated to release both the principal debtors and the guarantors.

*Id.* at 298.

4. *Gordons Transp. Fed. Credit Union v. Alabama Farm Bureau Mut. Casualty Ins. Co.*, 278 Ala. 338, 340, 178 So.2d 164, 165 (1965); *Sloss–Sheffield Steel and Iron, Co. v. Wilkes*, 231 Ala. 511, 515, 165 So. 764, 767 (1936), *overruled on other grounds*, *Henderson v. Wade Sand and Gravel Co.*, 388 So.2d 900 (Ala.1980). *Accord Allstate Fin. Corp. v. Zimmerman*, 272 F.2d 323, 325 (5th Cir.1959) (applying Florida law); *In re Schwen's, Inc.*, 19 B.R. 681, 703 (Bankr.D.Minn.1981) (applying Minnesota law), *aff'd*, 20 B.R. 638 (D.Minn.1982), *aff'd*, 693 F.2d 48 (8th Cir.1982); *Monte Enters., Inc. v. Kavanaugh*, 62 N.C.App. 541, 303 S.E.2d 194, 195 (1983); *Cornelison v. Kornbluth*, 15 Cal.3d 590, 125 Cal.Rptr. 557, 569, 542 P.2d 981, 993 (1975); *Band Realty Co. v. North Brewster, Inc.*, 59 A.D.2d 770, 398 N.Y.S.2d 724, 725 (1977); *Terry v. C.B. Contracting Co.*, 388 S.W.2d 349, 351 (Mo.Civ.App.1965). *See, e.g.*, *Edelman v. Poe*, 267 Ala. 387, 389, 103 So.2d 333, 334 (1958) (pendency of foreclosure suit required abatement of suit subsequently filed by mortgagee for damages caused by waste com-

786

Court of Alabama in *Sloss–Sheffield Steel and Iron, Co. v. Wilkes*, 231 Ala. 511, 165 So. 764 (1936), *overruled on other grounds*, *Henderson v. Wade Sand and Gravel Co.*, 388 So.2d 900 (Ala.1980):

> When damage occurs before foreclosure, the right of action by the mortgagee, whatever it may be, or the nature of the action, is only for the recovery of an amount not exceeding the mortgage debt. The right of action is collateral to the debt, and is security for it. The mortgagee may pursue any course he pleases to collect the debt, whether it be a suit for a personal judgement against the debtor, or for damages against one who has wrongfully converted the mortgaged property, or otherwise destroyed rights in it, or for a foreclosure. And he may do them all at the same time. But when he once collects his debt, by any one of those proceedings, or by a voluntary payment of it, he cannot pursue any other remedy. They are all but means to accomplish one purpose, and when that is accomplished, all the remedies, not used in so doing, are terminated.

*Id.* at 515, 165 So. at 767.

Since the mortgagee's claim is, according to his proof of claim and the representations of his counsel, based on a mortgage deficiency resulting from waste committed on the property prior to foreclosure, a waste that is not now compensable based on Alabama law and a claim this debtor should not now have to attack, the debtor's *Objection to Claim* is, based on the authorities cited above, due to be sustained.[5]

### V. Order

It is therefore **ORDERED, ADJUDGED AND DECREED** that:

1. The debtor's Objection to Claim No. 2 is **SUSTAINED**;

mitted by mortgagor since any damages collected by mortgagee would have to be applied pro tanto on the mortgage indebtedness).

5. The mortgagee, as purchaser at the foreclosure sale, became the absolute owner of the property when the sale was made and, as such, is entitled to assert a claim for waste caused to the property, if any, after that point in time. *Phillips v.*

2. The claimant has fifteen (15) days from the date of this order to file an amended proof of claim for diminution in value that may have resulted from waste committed by the debtor post-foreclosure.

3. The claimant's oral Motion for Relief from the Stay is **DENIED**.

*Birmingham Industr. Co.*, 171 Ala. 445, 450, 54 So. 603, 604 (1911). If the mortgagee contends that any portion of the property's diminution in value resulted from waste allegedly committed by the debtor post-foreclosure, he should file an amended proof of claim within fifteen (15) days of this order.