CYRUS A. MILLER & another *vs.* CLARA S. BATCHELDER & others.

Suffolk. Nov. 24, 1874. — Feb. 3, 1875. AMES & DEVENS, JJ., absent.

Where labor is performed and materials furnished in the construction of a building, under different contracts, all of which are made before the work under any one is completed, the service is continuous, and a statement filed in the town clerk's office, within thirty days after the entire work is done, is in time, although filed more than thirty days after the person seeking to maintain a lien under the Gen. Sts. *c.* 150, has ceased to labor or furnish materials, under some of the contracts.

PETITION under the Gen. Sts. *c.* 150, to enforce a lien for labor performed and materials furnished in the construction of two houses. Trial in the Superior Court before *Bacon,* J., who allowed a bill of exceptions in substance as follows :

The plaintiffs offered evidence tending to show that a contract was made with D. D. Adams, to paint the inside woodwork of certain houses in Boston, for a sum stated, Adams to find all the materials. While the work was being performed, the peti-

tioners, at the request of Adams, made a proposal in writing to paint the inside walls of the house for a sum stated, which was verbally accepted, and the work on both contracts was carried along in part contemporaneously. The petitioners, while performing that work, made a third contract with Adams to put up certain mouldings and borders on the inside walls after they were painted, and to find the materials therefor, for a sum stated. All of these contracts Adams was duly authorized to make. The work under the first and second contracts was finished the last of October, 1872. At that time no work had been performed or furnished under the third contract. The last day's work under the third contract was performed November 5, 1872.

The petitioners filed a statement in proper form in the city clerk's office, December 4, 1872, by which it appeared that the last day that work was performed on the houses was November 5, 1872. There was evidence showing the amount of work performed under each contract.

At the request of the respondents, the judge ruled that the petitioners could not recover for the labor performed and furnished under the first .and second contracts, they being distinct contracts, and more than thirty days having elapsed from the completion of the work under those two contracts before the filing of the aforesaid certificate in the city clerk's office, but that they could recover for the labor performed and furnished in putting up the mouldings and borders under the third contract.

The jury, under this ruling, found for the petitioners, under the third contract only, and the petitioners alleged exceptions.

*J. M. Baker*, for the petitioners.

*S. A. Bolster & E. K. Dexter*, for the respondents.

ENDICOTT, J. Upon the facts reported the petitioners were engaged in a continuous service or employment on the houses of the respondents. This service was rendered under three several agreements. The first was to perform labor, as painters on certain portions of the houses, the owner to furnish the materials ; the second to perform labor and furnish materials in painting the inside walls of the houses. Both these agreements were in writing. The third was an oral agreement, made while the work under the others was in progress, to put up mouldings and borders on the inside walls, when painted ; and was performed im·

mediately after the painting was completed under the second agreement. The work under the first and second agreements was concluded on the last day of October, 1872, under the third on November 5, and the certificate was filed on December 4, following.

All these agreements related to the same premises, called for similar kinds of work, and the last two may be said to be additional to the first. The third was in terms additional to the second, providing that mouldings and borders should be put up on the inside walls after painting. The whole constituted one employment to do certain stipulated work and furnish certain materials, the details of which, and the prices to be paid therefor, were agreed to on three separate occasions in several agreements, but all entered into before the work under either had been completed, and therefore existing contemporaneously with each other. Under these circumstances the work may be treated as if done under one agreement, and the parties contracting to do it cannot be said to have ceased to labor and furnish labor and material until they had completed all they had agreed to do.

The ruling of the presiding judge that the certificate was not filed in season to preserve the lien for labor and material furnished under the first and second agreements was therefore erroneous. *Exceptions sustained.*