# Pearce v. Walker.

*Bill in Equity to cancel a Mortgage, and to enjoin Sale thereunder.*

1. *Payment; burden of proof.*—The burden of proving payment of a debt is upon the party pleading it, whether it be pleaded as a matter of defense, or as ground of affirmative relief.

2. *Application of payments.*—When a party, indebted to another on more than one account, makes a partial payment, he has the right to direct its application to one debt in preference to the other; but if, at or before the time of payment, the debtor does not direct its application, his control over such payment is lost, and the creditor has the unqualified right to apply it to any valid subsisting debt he may hold against the debtor.

3. *Same; burden of proof.*—When a party, indebted to another on more than one account, makes a partial payment, the burden of proving that at or before the time of such payment he directed its application to a particular debt, as pleaded by him, and that this direction was made known to his creditor, is upon the debtor.

4. *Same; when payment to a firm not payment of a debt owing to an individual member.*—Where, in a suit by a mortgagor to enjoin a sale under a mortgage and to cancel said mortgage, on the ground that the debt had been paid, it is shown that the complainant, being also indebted to a firm of which the mortgagee was a member, had money deposited with a third person, who, at the time of the deposit, made memoranda indicating that said money was to be applied to the payment of the mortgage debt, and afterwards made payment thereof to the other member of the firm, without directing either the member receiving the payment or the mortgagee as to what debt the money was to be applied, and without notifying either of them of the memoranda, but, under an agreement with the debtor, testified to by the receiving partner, the money was applied to the partnership debt, the complainant mortgagor is not entitled to the relief prayed for, because he fails to show that at the time of the payment of the money, he directed its application to the payment of the mortgage debt, and that this direction was made known to the mortgagee; and this result is not obviated by the fact that the payment was not entered on the mortgagor's account with the partnership until more than 12 months after it was made.

5. *Same; intention of debtor..*—A creditor, holding two accounts against the same person, can not be affected by the intent of his

debtor in making a payment, unless such intent is disclosed at the time of payment.

6. *Same; direction after payment.*—A debtor can not, after having made a payment, direct its application to a particular debt, since after payment is made he loses all control over it; nor can such payment be qualified or explained by declarations of his intention subsequently made.

APPEAL from the Chancery Court of Marion.

Heard before the Hon. THOMAS COBBS.

The facts of the case are sufficiently stated in the opinion.

ALMON & BULLOCK, for appellant.

McGUIRE & COLLIER, *contra*, cited *Levystein v. Whitman,* 59 Ala. 345; *Webster v. Singley,* 53 Ala. 208; 3 Brick. Dig., 699, § 23.

BRICKELL, C. J.—The bill was filed by the appellee for the cancellation of a mortgage on lands he had executed to the appellant, and to enjoin the appellant from proceeding to the execution of a power of sale contained in the mortgage. The relief was sought upon two grounds; the first of which was, that the mortgage had been extinguished by a second mortgage taken in satisfaction; and the second, the payment of the mortgage debt. The chancellor did not sustain the first contention, and in that respect the decree is not open to revision. The contention of payment was sustained, and a cancellation of the mortgage decreed, from which decree this appeal is taken.

A party pleading payment, whether as matter of defense, or as ground of affirmative relief, must prove it, if the fact is denied. If of it no evidence is offered, or if the evidence of it be equally balanced; or if the evidence does not generate a rational belief of the fact, the party affirming its existence, must fail for want of proof.—3 Brick. Dig., 698, §§ 1-2. It is not the fact of payment which is now the matter of dispute. That there was a payment of a sum, which, taken in connection with other payments, was more than sufficient to satisfy the mortgage debt, is admitted. The controversey is, whether a particular payment shall be applied to the mortgage

debt, or to another debt owing by the mortgagor to a partnership of which the mortgagee was a member.

The general rule is, that when a party indebted to the same person on more than one account, makes a partial payment, he has the unqualified right to direct its application to one debt in preference to the other. The payment is voluntary, and the debtor may declare the terms upon which it is made, and the creditor must accept them, or reject the payment. If he accepts the payment, he takes it *cum onere;* therefore it is, that if the debtor pay with one intent which is known or communicated to the creditor, and the creditor receives with another intent, the payer must prevail.—1 Am. Lead. Cases, 339. But if the debtor does not at or before the time of the payment, give direction to its application, his control of the payment is gone, and the right of the creditor to appropriate it arises, and he has the unqualified right to apply it to any valid, subsisting debt he may hold against the debtor.—1 Am. Lead. Cases, 341. An exception to this rule obtains, when the money with which the payment is made, is known to the creditor to have been derived from a particular source or fund; then, without the consent of the debtor, the creditor can not apply it otherwise than to the exoneration of the source or fund from which it was derived. Nor can the debtor, without the consent of the creditor, divert the payment from the relief of that source or fund.—1 Am. Lead. Cases, 341; *Strickland v. Hardie,* 82 Ala. 412.

We have with much care examined the evidence, and we can not concur in the conclusion of the chancellor, that at or before the time of the payment, the mortgagor directed its application to the payment of the mortgage debt. The fact of such direction is, like the fact of payment, an affirmative fact lying particularly within the knowledge of the debtor, and if it be denied, the burden of proving it rests upon him. The direction need not be given in express words; circumstances may indicate it as fully as express words. If it is insisted that the direction was given in words, these must be communicated to the creditor; and if circumstances are relied upon as indicating it, knowledge of these circumstances must be traced to the creditor. There is an entire want of evidence that the intent of the mortgagor to apply the payment to the mortgage debt, if such intent

[Pearce v. Walker.]

existed, was made known to the mortgagee before or at the time of the payment. The payment was not made to the mortgagee, but to a partnership of which he was a member, having a valid debt against the mortgagor; and of it, the mortgagee had not knowledge or notice, until it was claimed by the partnership as a payment on the debt due it. The payment was not made by the mortgagor, but by a third person, with whom a brother of the mortgagor had deposited money. The memoranda made by this depositary do indicate that the money was deposited with him to be applied to the payment of the mortgage debt, but of these memoranda, and of the facts they indicate, the mortgagee had not information, prior to or at the time of the payment; nor is it shown, that the partner to whom the money was paid, had notice or information of the memoranda, or of the facts they indicate. On the contrary, the partner receiving the money, testified that he applied for and received it, because of an agreement with the mortgagor that he should receive and apply it to the debt due the partnership; and in this respect, his evidence is uncontroverted. Some stress seems to be laid by the chancellor on the fact that the payment was not entered on the account of the mortgagor with the partnership, until more than twelve months after it was made. If this case were to be determined wholly upon the right of a creditor to apply a payment, the fact would be of little, if any significance. The general principle is that a creditor's right of application is not limited in point of time—he may make it any time he elects; but having once made it, he can not change it without the consent of the debtor. The fact, however, is not now of any significance, because there was at the time of the payment written evidence of it given, which was accessible to the debtor, and of which as evidence, he could have availed himself at any time.

There may, or may not have been, in the mind of the mortgagor, an intent when the payment was made, that it should be applied to the mortgage debt Such intent was not communicated to the mortgagee; and the payment was unattended by any act or declaration manifesting it. And if there was nothing else in the case, it would be enough to say, that before the creditor can be affected by the intent of the debtor in making a payment, the intent must be disclosed to him.—*Brice v. Hamilton,*

12 S. C. 32; *Long v. Miller*, 93 N. C. 233. The subsequent declarations of the mortgagor, that he intended the payment to be applied to the mortgage debt, are not of any consequence. The payment was an act completed; before or at the time of making it, he could have given direction to it; after it was made, he was without control over it; nor could his past conduct be qualified or explained by his subsequent declarations.

The partner receiving the payment did not act or profess to act as the agent of the mortgagee; nor was he dealt with in that capacity. If he had been dealt with in that capacity, the evidence does not disclose authority to receive payment of the mortgage debt.—*Smith v. Kidd*, 23 Am. Rep. 157.

The decree must be reversed, and the cause remanded for further proceedings in conformity to this opinion.

Reversed and remanded.