# Jefferson Plumbers & Mill Supply Company *v.* Peebles.

### Bill to Foreclose Materialman's Lien.

(Decided February 10, 1916.   Rehearing denied March 30, 1916.
71 South. 413.)

1. **Mechanics' Lien; Perfection.**—Where the parties to both contracts, and the building, were the same, and a materialman simultaneously furnished materials for the plumbers and the heating of the building, his lien is not lost because both items are included in a single account.

2. **Contracts; Construction by Parties.**—Where the parties to a contract have given it a particular construction, such construction should, and usually will be adopted by the courts.

3. **Mechanics' Lien; Contract; Construction.**—Where the agent of the defendant purchased materials from complainant, there being two orders for different classes of materials, but the items were entered on one account and the contract treated by the parties as a single one, the account must be accepted as a single account including various items, for the purpose of perfecting a mechanics' lien.

4. **Same; Time for Filing.**—Where a materialman furnishes two classes of goods on a single contract, and items for one class were furnished within the four and six months period prescribed by §§ 4758, 4777, Code 1907, the materialman may have a lien for both classes of items.

[Jefferson Plumbers & Mill Supply Company v. Peebles.]

5. Same; Claims; Unintentional Claim.—Where a materialman included in the lien claimed an item for materials not used in the building, but there was no evidence of fraud or of intent to claim more than he was entitled to, such fact will not prevent the materialman from obtaining a lien.

6. Same; Payment; Application; Right to Apply.—Where a materialman furnished material which was not used in the building on which he perfected a lien, he may apply a payment to such unsecured items, no application being specified when the payment was made.

APPEAL from Jefferson Chancery Court.
Heard before Hon. A. H. BENNERS.

Bill by the Jefferson Plumbers & Mill Supply Company against Mrs. Allie Peebles to foreclose a materialman's lien upon a certain lot and building thereon. Decree for respondent, and complainant appeals. Reversed, rendered and remanded.

FRANCIS M. LOWE, and NISBIT HAMBAUGH, for appellant.
SAMUEL B. STERN, for appellee.

GARDNER, J.—By this bill the complainant (appellant here) seeks a foreclosure of materialman's lien upon a certain lot and a four-stock brick structure thereon, known as the "Man-hattan Hotel," situated in Birmingham, Ala., and which is the property of the respondent to the bill. The bill shows that during a series of months in the years 1913-14 the complainant as the original contractor furnished to the defendant plumbing and heating materials used in the construction of said building, the last item being furnished on March 30, 1914, and that the balance of the account and the entire indebtedness accrued on April 1, 1914. The filing of the affidavit and claim of lien in the probate office of Jefferson county is shown to have been done on May 16, 1914. The answer contains a general denial of all the allegations of the bill and also special pleas of the statute of limitations.

(1) The chancellor dismissed the bill for the reason, as given in his opinion, that he found from the record that the material for the plumbing and that for the heating was furnished under separate and distinct contracts; that in order to fix a lien there should have been filed separate accounts in the probate office; and that complainant acquired no lien by filing the account in which the two classes were blended. This seems to be the only objection urged against the sufficiency of the account filed in this cause, so far as its substance is concerned.

The evidence discloses that the materials for the plumbing and for the heating were furnished the defendant for the said building practically simultaneously and while the building was in course of construction. Here the parties are the same; the same property is improved, and the rights of no third person are shown to be involved. In such a situation, we cannot agree that the lien would be lost by a failure to file separate accounts. Indeed, such was the holding of this court in *Ala. State Fair Ass'n v. Ala. Gas, etc., Co.*, 131 Ala. 256, 31 South. 26, wherein the opinion concludes with the following statement: "Nor is the lien prejudiced either in whole or in part by the fact that the demand includes work and material furnished under two separate agreements, since the same property was included under both agreements, and the rights growing out of the same are identical in character and as to parties."

Such is, also, the holding of the Supreme Court of Missouri, under a statute very similar to ours, the decisions of which court find frequent reference in our cases upon this subject. In *Grace v. Nesbitt*, 109 Mo. 9, 18 S. W. 1118, speaking to this subject it was said: "There is no provision of the statute requiring a separate account to be filed for each separate contract, under which material may have been furnished, though the material may be entirely different and the contracts independent. The statute requires the account filed to be 'a just and true account of the demand due him or them after all just credits have been given.' The statute evidently contemplated filing only one account, and no reason can be seen for adding anything to its requirements."

There is nothing in the case of *Lane & Bodley Co. v. Jones*, 79 Ala. 156, holding to the contrary. The language of the opinion relied upon by counsel for appellee was dealing with the question as to the time within which the claim must be filed, and was to the effect that, when the material is furnished under separate contracts, the statement must be filed within the time limited after delivery upon each separate contract. And such was also the holding of the Missouri court in *Grace v. Nesbitt, supra.*

(2, 3) From the view which we take of the case, however, the question just discussed is not one of controlling importance here. We are not persuaded that these materials were furnished under separate and distinct contracts, but are inclined to the

view, rather, that the orders were, for all practical purposes and as understood by the parties themselves, merely items of one and the same transaction.

No indication is found in the answer of respondent that insistence would be made that the materials for which the lien was sought to be established were furnished under separate contracts, and, as the answer to the bill was but a mere general denial of its allegations, it may be seriously questioned whether such a defense is available to respondent. An examination of the evidence does not disclose that this was a question given serious consideration by the respective parties on the trial of the cause. However, as the question of the sufficiency of the answer in this respect is not pressed upon us by counsel for appellant, we pass it by and determine the cause upon its merits.

Aside from the question we have here discussed, and that of the statute of limitations insisted on by counsel for appellee, there is very little by way of defense to this bill that needs consideration here. While the husband of the respondent, who was confessedly her agent, in these matters, seems to doubt that some of the material went into the building and questioned the authority of some of the laborers to receive the same, yet an examination of the evidence discloses that the insistence for the complainant remains practically without dispute, and that its claim, so far as the merit of the situation is concerned, is fully and completely established.

It appears from the evidence that, when the building was in the course of construction, the husband of respondent made inquiries as to prices on plumbing and heating materials for it, and that complainant in this cause was negotiated with. Arrangements for the furnishing of same were made by him, for respondent, and it appears that the understanding in regard to the plumbing was reached a few days prior to that for the heating materials. This is indicated by the facts that on December 4, 1913, the complainant wrote out an order for the respondent to sign, directing that the plumbing material be furnished as ordered by the contractors; and that a similar order as to the heating material and fixtures was signed on December 16, 1913. The two orders are practically the same, and in each the respondent agreed to pay for the material on the Saturday following each delivery of same. Materials for the heating and plumbing for

this building were furnished by complainant as needed and ordered, and amounted to a considerable sum. The indebtedness was kept on the books as one account, and the bills rendered to respondent were likewise of one account. Payments were not made on the Saturday following each delivery, but were made from time to time on the account as a whole. Upon the completion of the building, there was some plumbing and heating material left over which was returned and credited on the account. As previously shown, the claim was filed in the probate office as one account or claim, and after the filing of the same the respondent made several payments thereon, amounting to a considerable sum. Indeed, the evidence satisfactorily discloses to our minds that the parties to this suit in fact contemplated and treated the entire matter as one and the same continuing transaction, and that the separate orders given were merely for the convenience of the respective parties and for their protection as to the proper delivery of materials.

"Where the parties to a contract have given it a particular construction, such construction would generally be adopted by the court in giving effect to its provisions, and the subsequent acts of the parties, showing the construction they had put upon the agreement themselves, are to be looked to by the court and in some cases may be controlling."—9 Cyc. 588.

Speaking to this subject of the entirety of contracts, Mr. Phillips, in his work on Mechanics' Liens (section 229, p. 405), said: "But when work or material is done or furnished, all going to the same general purpose, as the building of a house or any of its parts, though such work be done or ordered at different times, yet if the several parts form an entire whole, or are so connected together as to show that the parties had it in contemplation that the whole should form but one, and not distinct matters of settlement, the whole account must be treated as a unit, or as being but a single contract."

The following cases recognized and applied the foregoing principle: *Joplin S. & D. Wks. v. Okla. College,* 36 Okl. 547, 129 Pac. 40, 43 L. R. A. (N. S.) 158; *Miller v. Batchelder,* 117 Mass. 179; *Kiser Lbr. Co. v. Mosely,* 56 Ark. 544, 20 S. W. 409; *Page v. Bettes,* 17 Mo. App. 366; *Matthews v. Waggenhaeuser Ass'n,* 83 Tex. 604, 19 S. W. 150; *Jones, etc., Co. v. Murphy,* 64 Iowa, 165, 19 N. W. 898; *Hooven, etc., Co. v. Featherstone,* 111 Fed. 81, 49 C. C. A. 229.

We do not think that what is said in *Lane & Bodley v. Jones*, *supra*, conflicts with this principle, or with the conclusion we have reached. What is there said must, of course, be read in the light of the facts in that particular case, which disclose that the respondent had several mills situated in separate counties, for which material was furnished indiscriminately, and one account was kept of the whole; and, in addition thereto, the rights of third parties intervened. But in that case it was said: "If the materials were furnished in pursuance of a single continuing contract, such as to furnish materials for a building about to be erected, or in process of construction, the period within which the statement must be filed with the judge of probate commences to run from the delivery of the last items."

Nor do we find any conflict in the conclusion here reached and the holding of the court in *Cutliff v. McAnally*, 88 Ala. 507, 7 South. 331.

(4) It is insisted by counsel for appellee that, according to the account filed, the last fixture or material for the heating was furnished on a date which was more than eight days beyond the six months' statute of limitation for bringing this suit, and hence that all items for heating material are thus barred. Again, passing by the question of pleading that the answer fails to thus separately set up this particular defense of the statute of limitation as to these particular fixtures, we still conclude that the contention is without merit, as we have above stated our opinion that the contract was, within the contemplation of the parties, one continuous transaction. Such being the case, the time limit dates from the period when the last item was furnished (March 30, 1914), and both the filing the claim in the probate office (May 16, 1914) and the bringing of the suit (September 25, 1914) were well within the limit.—Code 1907, §§ 4758, 4777.

(5, 6) The inclusion in the claim filed of items furnished the respondent on October 17, and 24, 1913, for material not used in this building, amounting in the aggregate to something over $56—there being no indication of any fraud on the part of the complainant, nor of any intentional act on its part to claim more than it is justly entitled to—does not affect the validity of said claim—*Ala. & Ga. Co. v. Tisdale*, 139 Ala. 250, 36 South. 618. And these being the oldest items on the account, the cash payment of $200, made on December 13th, without its application

being specified, would be held to apply to and balance them.— *Winston v. Farrow,* 40 South. 53. Their inclusion was without effect upon the result here.

Upon careful consideration, we have reached the conclusion that the complainant was entitled to the relief it sought. From the statement of the account, attached as Exhibit F, of J. J. Lee, witness for complainant, the balance due by respondent on August 1, 1914, was the sum of $1,331.93, which we conclude is correct.

The decree of the court below will be reversed, and one here entered declaring the complainant entitled to the relief it seeks and to a foreclosure of the lien upon the property described in the bill, for the enforcement of payment of said sum of $1,-331.93, with interest at the legal rate of 8 per cent. from August 1, 1914; and the cause will be remanded to the court below for a further decree foreclosing said lien in accordance with the practice of the chancery court in such cases.

Reversed, rendered, and remanded. All the Justices concur.