[Porter, et al. v. Watkins.]

# Porter, *et al. v.* Watkins.

### Assumpsit.

(Decided April 20, 1916.   71 South. 687.)

1. **Dismissal and Non Suit; Setting Aside; Discretion of Court.**—Where plaintiff's counsel through inadvertence asked that the action be discontinued against one of defendants who had been served and had defended on a previous trial, but before judgment or any minute entry, discovered his mistake, and entered a motion to set aside the discontinuance and allow plaintiff to proceed against such defendant, the court properly allowed the motion as the order had not passed beyond the control of the court.

2. **Same; Discontinuance.**—A discontinuance is an abandonment or chasm or interruption in proceedings occasioned by the failure of a plaintiff to continue suit regularly from time to time as he should; hence, no discontinuance was worked where the court, through inadvertence of counsel ordered an action discontinued as to a defendant, but before the order was entered, set it aside, counsel having discovered his mistake and entered the proper motion.

3. **Evidence; Secondary; Proof of Loss.**—Every reasonable effort which might have resulted in the production of a missing paper must be shown to have been made without avail before secondary evidence of the contents thereof can be received.

4. **Appeal and Error; Harmless Error; Evidence.**—The exclusion by the court of secondary evidence of the contents of a lost receipt was not error, or if error was harmless, where it appeared that one was received in evidence, and defendant was permitted to testify that some time after the first payment another payment was made which discharged the note sued on, such testimony showing all of the essentials of the receipt.

5. **Payment; Application; Right to Direct.**—A debtor has the right to direct the application of a payment, and the creditor may make application as he desires if the debtor fails to direct; the law, in the absence of a specific application by either the debtor or the creditor would apply the credit most beneficially to the creditor, that is, to the most precarious debt, or the one least secured, and payment cannot be applied to a debt not matured where there is an unsatisfied matured one, except by consent of the parties.

6. **Charge of Court; Applicability to Evidence.**—Where the action was upon a note, and there was no evidence that the debtor ever directed payment to be applied on the note, a charge asserting that the debtor had the right to direct what note the payment by him should be applied to, and credit be given as directed, was abstract and properly refused.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by T. H. Watkins against C. F. Porter and others. Judgment for plaintiff and defendants appeal.   Affirmed.

[Porter, et al. v. Watkins.]

Transferred from Court of Appeals under act creating that court.

JAMES W. STROTHER, for appellant.   BULGER & RYLANCE, for appellee.

MAYFIELD, J.—This was an action on a promissory note, against several defendants, among whom was one Porter, appellant.   There was dismissal or abatement as to several defendants, on account of death, bankruptcy, etc.

(1, 2)  Counsel for plaintiff, who appeared for the first time (the plaintiff, at previous hearings and trials, having been represented by other counsel), after asking orders for dismissal as to some of the defendants on account of death, bankruptcy, etc., asked that the case be discontinued as to the defendant Porter, and the court announced that the order was granted; but, before any judgment or minute order to that effect was entered counsel discovered that Porter had been served, and had defended on former hearings.   The court, on motion of counsel, set aside the order of discontinuance and allowed plaintiff to proceed to trial against Porter.

There was no error in this action of the court.   The first order had not passed beyond the control of the court, and, being taken on a mere oversight or mistake of counsel, the court properly allowed the case to proceed against Porter.   No judgment or order to that effect was ever entered, and no error occurred on account of which Porter or any of the other defendants should be allowed to profit.   There was therefore neither in fact nor in law a discontinuance as to Porter.   There was no sufficient gap or chasm in the proceedings to amount to a discontinuance in law. The record proper shows no discontinuance.   All that appears is in the bill of exceptions, and it shows that the final action of the court was to decline to allow or sanction a discontinuance, and to merely reverse a former ruling which was invoked by a mistake of counsel.

In Bouvier's Law Dictionary, a "discontinuance" in practice is said to be "the chasm or interruption in proceedings occasioned by the failure of the plaintiff to continue the suit regularly from time to time as he ought."   It is, in substance and effect, an abandonment of the moving party of his pending cause.—*Ex parte State,* 71 Ala. 367.   It has been many times decided by this court that official neglect or refusal of the clerk to perform the duties re-

quired of him will not operate a discontinuance.—*Wiswall v. Glidden*, 4 Ala. 357; *Drinkard v. State*, 20 Ala. 9; *Harrall v. State*, 26 Ala. 52; *Brown v. Clements*, 24 Ala. 354; *Ex parte Remson*, 31 Ala. 270; *Glenn's Adm'r v, Billingslea*, 64 Ala. 345.

While it is true that a discontinuance puts an end to the cause, yet, where a mere order or announcement has been made to that end, such order or suggestion may be changed or corrected during the term of the court at which it was originally made; and certainly so, where, as in this case, the two orders were practically simultaneous.—*Curtis v. Gaines*, 46 Ala. 459.

(3) The defendant testified to having made two payments, one of $125 and one of $5. He introduced a receipt for the first, and offered to prove the contents of the receipt for the latter; but the court declined to allow the proof, on the ground that the absence of the original was not sufficiently accounted for.

If the loss of a paper is relied on, to account for its nonproduction, the fact of its loss is not established without proof of diligent search where the paper is most likely to be found and the particular character of the search should be shown. Every reasonable effort which might have resulted in the production of the missing paper should be shown to have been made without avail, before secondary evidence can be received.—*McEntyre v. Hairston*, 152 Ala. 251, 44 South. 417; *Laster v. Blackwell*, 128 Ala. 143, 30 South. 663; *Boulden v. State*, 102 Ala. 78, 15 South. 341; 6 Mayf. Dig. 336.

(4) We are not prepared to say that the trial court was in error, but, if error there was, it was without possible injury. It was only a receipt offered to be proven; and the witness did in fact testify, without objection, as to everything proper for a receipt to contain. The receipt introduced was as follows: "Received of O. M. Porter, $125.00 on the amount due on his father's note.—Thad H. Watkins."

We quote from the same witness as follows: "The Court: 'That $125.00 was in 1907?' Defendant's counsel replied: 'Yes, sir, in 1907.' Said witness further testified as follows: 'Five dollars and something, my son paid after that. That was paid in about ten or fifteen days after the receipt. That paid the balance on that note. I have not the receipt for that five dollars; my son has it, and it in here last summer was a year ago. My son is in Texas; it is not in my possession, my son has it; it is just like that."

He certainly could not have testified any more fully as to a mere receipt for five dollars.

(5, 6) The defendant Porter requested the giving of the following charges, "A" and "B," which were refused:

"A. The court instructs the jury that C. L. Porter had a right to direct what note the $125 payment by him should be applied to, and credit must be given as directed by him."

"B. The court instructs the jury that if you believe the evidence the $125 payment was made on the note sued on."

These charges were properly refused. Charge A, under the evidence in this case, was calculated to mislead, although, abstractly considered, it states a correct proposition of law.

The following, among other rules as to the application of payments to different debts, are propositions that have been frequently reaffirmed by this court:

The debtor, at the time of making payment, has the right to direct the application of the amount to any particular debt; if he fail so to do, before or at the time of payment, the creditor may then direct it; if he do not so do, then the law directs the application.—*Pearce v. Walker*, 103 Ala. 250, 15 South. 568; *Kent v. Marks*, 101 Ala. 350, 14 South. 472; 4 Mayf. Dig. 430.

If a paying debtor fails to give directions as to the application, then the creditor may elect on which of two or more debts, past due, he will allow the credit; and, if neither expresses any election, then, as between such debts, the presumption of the law is that the credit is applied most beneficially to the creditor— that is, to the most precarious debt, or the one least secured. It cannot, without consent, be applied to an immature debt when there is an unsatisfied mature one.—*Callahan v. Boazman*, 21 Ala. 246; *Bobe v. Stickney*, 36 Ala. 482; *Robinson v. Allison*, 36 Ala. 525; *Johnson v. Thomas*, 77 Ala. 367; *Taylor v. Cockrell*, 80 Ala. 236; *Pearce v. Walker*, 103 Ala. 250, 15 South. 568; 4 Mayf. Dig. 430.

We fail to find evidence in this record which conclusively shows that the debtor ever directed the payment of the $125 to the note sued on. In fact, the receipt offered in evidence by the defendant, taken in connection with the other evidence, tends to show that no request was made by the debtor, before or at the time of payment, that the amount should be applied to the note sued on. Such was certainly not shown without dispute; and hence charge A was calculated to mislead the jury to infer that such a

[Lowy, et al. v. Rosengrant.]

demand was made, or that the right of the debtor to so apply the payment was invoked before, or at the time, the payment was made.

Charge B was properly refused, because, at best that could be said in its favor, the application of the payment was a question for the jury, and this charge took the question from the jury.

There was evidence, also, sufficient to carry the question of attorney's fees, and the amount thereof, to the jury; and hence the defendant was not entitled to the affirmative charge on this phase of the case.

We find no error in the trial court's overruling defendant's motion for a new trial. We find no sufficient reason for disturbing the verdict of the jury or the judgment of the court entered thereon.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.