(95 South. 276)

REDD BROS., Inc., v. TODD et al.
(8 Div. 387.)

(Supreme Court of Alabama.   Nov. 23, 1922.
Rehearing Denied Jan. 25, 1923.)

**1. Mechanics' liens ⊜132(13) — Materialman held original contractor.**

In suit to enforce a materialman's lien on buildings constructed from material alleged to be furnished to the owner, *held*, that complainant was an original contractor within the terms of the statute.

**2. Payment ⊜43—Applied to oldest debt.**

Payments, made without specific application by either party, will be held in law to apply to the oldest items of the general account, and to the extent of the payments so made to balance the general debts in the order of time in which they accrued, subject to the qualification that a different application is made where such is shown to be in accordance with justice and equity, or intention of the parties deducible from the circumstances having application thereto.

**3. Payment ⊜39(9)—Application cannot be changed without mutual consent.**

Where a general account was that shown on the ledger of complainant materialman, who treated the account as continuous, complainant could not, after having made a general applica-

tion of payments thereon, separate the items and apply the payments to other items to which not so applied in the first instance.

**4. Payment ⊚⟶36 — Application of payments once made is conclusive.**

The application of payments once lawfully made, by either party having that right, is final and conclusive, and the same effect is obtained when the application of payment is accomplished by law, and cannot be changed except by mutual consent.

**5. Mechanics' liens ⊚⟶157(6)—Failure to show credits shown in materialman's ledger held failure to file "just and true account."**

Where materialman, in statement filed in the probate office, failed to include credits shown by his ledger applying them to the account, this was a failure to comply with the requirement of filing a "just and true account" under Code 1907, §§ 4754, 4758, that affected the validity of the claim filed and sought to be enforced as a lien against the owner and his mortgagee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Just and True Account.]

### On Rehearing.

**6. Mechanics' liens ⊚⟶304(1) — No judgment in personam allowable.**

In suit to fasten a materialman's lien upon realty and enforce the lien, where the existence and amount of the special indebtedness alleged to have constituted a lien upon the property, and whether there was an enforceable statutory lien, were the controverted issues of fact, the fact that defendant owner admitted in his testimony a general indebtedness to complainant without stating the amount, growing out of his other building operations and on other lots, would not authorize, in such action, a judgment in personam against said owner, under Code 1907, § 4770.

**7. Judgment ⊚⟶614(2)—Judgment of dismissal in mechanic's lien suit not res judicata of general indebtedness of defendant to plaintiff.**

Judgment of dismissal in mechanic's lien suit was not objectionable as failing to safeguard complainant's right to a due procedure in the proper forum for a judgment in personam against the defendant owner for his general indebtedness to complainant, for suit at law would not be subject to the plea of res judicata, since the issues of fact would not be identical, though between the same parties.

Appeal from Circuit Court, Colbert County; Charles P. Almon, Judge.

Bill by Redd Bros., Inc., against A. B. Todd and E. S. Gregory, to declare and enforce a materialman's lien. From a decree dismissing the bill complainant appeals. Affirmed.

The sworn statement filed by complainant in the office of the probate judge December 29, 1919, claims a lien upon the lot of land and residence in question, and recites "that the amount due Redd Bros. for material furnished by it, and which was used in the construction of said frame residence, is $2,546.74. That said amount is justly due after allowing all just credits and discounts as shown" by the itemized account attached.

Kirk & Rather, of Tuscumbia, for appellant.

Todd made no special application of the payments; and appellant having applied the payments on accounts other than Todd's individual account at the time thereof, and without objection, neither Todd nor appellant can change it. When work or material is done or furnished, all going to the same general purpose, as the building of a house or any of its parts, though such work be done or ordered at different times, yet if the several parts form an entire whole, and so connected as to show that the parties intended that the whole should form but one, and not distinct matters of settlement, the whole account must be treated as a unit, or but a single contract. 79 Ala. 162; 195 Ala. 608, 71 South. 413; 131 Ala. 256, 31 South. 26; 109 Mo. 9, 18 S. W. 1118; 9 Cyc. 588. The complainant was a general contractor. 63 Ala. 342. No fraud is shown in the matter of filing the statement of claim of lien, and complainant is entitled to a judgment in personam. Code 1907, § 4770; 195 Ala. 613, 71 South. 413; 139 Ala. 250, 36 South. 618; 148 Ala. 503, 41 South. 930.

Jackson & Deloney, of Tuscumbia, for appellees.

Appellant failed to file a just and true account, by intentionally omitting all credits for the purpose of increasing the amount of the lien on the lot and building. 79 Ala. 156; 195 Ala. 608, 71 South. 413; 139 Ala. 250, 36 South. 618; 90 Mich. 657, 51 N. W. 691; 165 N. Y. 296, 59 N. E. 148, 80 Am. St. Rep. 723; 65 Iowa, 513, 22 N. W. 654; 64 N. J. Eq. 723, 52 Atl. 477; '31 Wash. 60, 71 Pac. 721; 27 Wash. 318, 67 Pac. 712, 68 Pac. 389; 85 App. Div. 512, 83 N. Y. Supp. 450; 27 Cyc. 202; 34 Cent. Dig. (Mechanics' Liens) § 270; Phillip on Mech. Liens, 324; 33 Mo. 31. The materials were not furnished in pursuance of a single continuing contract, but under separate orders from time to time, and the statement should be filed within six months of the date of each order. 79 Ala. 156; 195 Ala. 608, 71 South. 413; 88 Ala. 507, 7 South. 331; 89 Ala. 552, 8 South. 25. Upon a proper application of the payments, the account has been settled. 197 Ala. 642, 73 South. 334; 101 Ala. 350, 14 South. 472; 91 Ala. 265, 9 South. 816. The account was treated as a general, current account, with all credits applied and credited thereon, and appellant could not transpose the credits and select items of the general account on which to rest a bill in

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

equity to establish a lien. 1 Cyc. 370; 1 C. J. 680; 70 Minn. 266, 73 N. W. 159, 248; 101 Ala. 350, 14 South. 472; 80 Ala. 504, 2 South. 343; 197 Ala. 642, 73 South. 334. An intentional misstatement of the account is a fraud, and vitiates the entire lien. 207 Ala. 650, 93 South. 618.

THOMAS, J. [1] The suit was to enforce a materialman's lien on buildings constructed from material alleged to be furnished to the owner. Complainant was an original contractor within the terms of the statute. Gilbert v. Talladega Hdw. Co., 195 Ala. 474, 70 South. 660; Wahouma Drug Co. v. Kirkpatrick, etc., Co., 187 Ala. 318, 65 South. 825; Trammell v. Hudmon, 78 Ala. 222.

The method pursued in order and delivery of material was that, in ordering the material for the separate houses, respondent would designate what was desired and where to be delivered. Thereupon complainant entered the order on a ticket indicating the date, amount, dimensions, etc., and the name of the owner of the house for which the material was intended. Of this entry or "ticket" two carbon copies were made and numbered in red ink, respectively. In the delivery No. 3 was the dray ticket sent to Todd or to his foreman, with the material, at the place of delivery; No. 2 was retained by the complainant (with other such tickets, if such there were) until the first of the month, and then sent to the purchaser; and No. 1 ticket was filed in a loose-leaf binder, as a record of the transactions of the parties. The "totals" of these tickets were transferred to complainant's ledger making up the combined and general accounts of the parties. That ledger contained a reference to the loose-leaf binder and the tickets (No. 1) therein, being numbered numerically, and were itemized statements of each delivery of materials as originally made on execution of the order therefor, and when delivered. It should be further stated that the evidence shows without dispute that credit memoranda were issued for materials returned from respondent's "various jobs" to which materials had been furnished, and these credits entered upon the general account, and not to that of the special "job" to which the same was furnished. This course of business, and the keeping of accounts, was pursued monthly during the course of the dealings between the parties covering several years; and at the end of each month the sum of all the indebtedness to that date and of the balance due for preceding month were entered on a statement sent out to Mr. Todd, including payments made during current month and a balance stated; that when material invoiced was returned and credit given therefor on the general account, it was not indicated from what "specific job" that material was returned.

Respondent Todd admitted that he owed complainant a balance on account, but denied that there was a balance due for material furnished by complainant used in the erection of his dwelling, on lot sought to be declared the subject of the materialman's lien and to be enforced in a court of equity.

Appellees Todd and Gregory say that the bill was properly dismissed for failure to file a just and true account in the probate office; this insistence being dependent on whether the several items of material were embraced in the account filed in the probate office that were furnished for and used in Mr. Todd's residence, and whether these or any items were paid for, and, if so, whether such payments were intentionally omitted from the statement of the claim so filed in the probate office. As to delivery, the testimony for complainant tended to show the sale and delivery of the material on respondent's lot; that carpenters were at work, using it in the building being erected thereon.

The question then recurs: Were items of material furnished for and used in the erection of Todd's residence paid for, and the credits therefor intentionally omitted from the statement filed in the probate office? The first material furnished on said lot for respondent's residence was delivered on November 18, 1918, and the last delivery or charge therefor was of date of July 10, 1919; the claim for a lien was filed in the probate office of date December 23, 1919. The suit for enforcement of the lien was brought on December 27, 1919.

The verified statement of its claim was averred to have been duly filed and suit brought within the time prescribed by law. Wilbourne v. Mann, 203 Ala. 26, 81 South. 816; Gilbert v. Talladega Hdw. Co., 195 Ala. 474, 70 South. 660; Otis Elevator Co. v. Sheffield Co., 205 Ala. 488, 88 South. 562, 566; Code of 1907, §§ 4758, 4777.

[2-4] To an ascertainment of the true status of the accounts for merchandise and materials furnished respondent by complainant for use in the construction of the several buildings respondent was erecting on his own and other premises, it must be noted that payments, made without specific application by either party, will be held in law to apply to the oldest items of the general account, and to the extent of the payments so made to balance the general debts in the order of time in which they accrued (Jefferson Plumb., etc., Co. v. Peebles, 195 Ala. 608, 71 South. 413; Stickney v. Moore, 108 Ala. 590, 19 South. 76), subject to the qualification that a different application is made where such is shown to be in accordance with justice and equity, or intention of the parties deducible from the circumstances having application thereto. Montgomery Bank & Trust Co. v. Jackson, 190 Ala. 411, 67 South. 235; Compton v. Collins, 197 Ala. 642, 73 South. 334; Alabama Fidelity, etc., Co. v. Alabama Savings Bank, 200 Ala. 337,

344, 76 South. 103; Mayer Bros. v. Gewin, 200 Ala. 391. 76 South. 307. The general account was that shown on the ledger of the complainant, who treated the account as continuous; and, having made a general application of payments thereon they cannot, therefore, separate the items and apply the payments to other items to which not so applied in the first instance. The application of payments once lawfully made, by either party having that right, is final and conclusive (Pond v. O'Connor, 70 Minn. 266, 73 N. W. 159, 248); the same effect is obtained when the application of payment is accomplished by law (Jefferson Plumb., etc., Co. v. Peebles, supra), and cannot be changed except by mutual consent.

[5] Appellee illustrates the status as follows: The general account from November 1, 1918, to March 3, 1919, was $1,911.48, of which about $1,364.92 was furnished to respondent's residence; the amount of the payments and credit memoranda to that date were $1,425.23; and a balance due on the general account of $486.25. Of these several items of credits entered were that of several memoranda amounting to $36.25. No indication is given as to whether such credit memoranda were by reason of material returned from that furnished for and to the residence. If the application of all the payments and credits be to the general account as it was indicated and entered by complainant on the ledger, there was payment of $546.51 of the amount due for material furnished on "other jobs" or buildings being erected by respondent simultaneously with that of his residence, and of $878.72 on the bill of $1,364.92 for material used in his residence, leaving a balance of $486.20 due on the materials furnished for the residence of date of March 3, 1919. The credits should have been so entered and the law so made application of the payments in the absence of contrary intention. The fact that thereafter the ledger shows other items of debits and credits for materials furnished on different improvements being made by respondent does not change the fact that complainant did not file in the probate office a just and true statement in writing, verified, after all just credits had been given. Jefferson Plumb., etc., Co. v. Peebles, supra; Gilbert v. Talladega Hdw. Co., 195 Ala. 474, 70 South. 660; Lane v. Jones, 79 Ala. 156, 163; sections 4754, 4758, Code of 1907. For example, the canceled check indicated on the face thereof to have been paid "on account" of Todd to complainant of date February 12, 1919, for $500, and this was to be applied to a debt due on account; the creditor could not, without the consent of Todd, hold the amount to be applied to a debt not due or in contemplation. Porter v. Watkins, 196 Ala. 333, 71 South. 687; Heard v. Pulaski, 80 Ala. 502, 2 South. 343. No such consent being shown, the payment must be and was applied to a portion of the debt for goods and materials furnished and used in respondent's residence, and that application of payment cannot be changed without mutual consent, which is not shown. Kent v. Marks, 101 Ala. 350, 14 South. 472; Pearce v. Walker, 103 Ala. 250, 15 South. 568. The general application of payment is shown by the ledger to the general account—of debits and credits at different times. No special circumstances are shown sufficient to indicate a different intention—of a special application of payments —contrary to the general rule that the successive payments and credits are to be applied to and in discharge of the items of debt antecedently due, in the order of time, in which they stand in the general account. Golden v. Conner, 89 Ala. 598, 8 South. 148; Connor v. Armstrong, 91 Ala. 265, 9 South. 816; Mauser v. Sims, 157 Ala. 167, 171, 47 South. 270.

The payments, at times, exceeded the amounts of Todd's purchases for material used in his other buildings than his residence, and was a settlement pro tanto on purchase price of material used in the residence. We cannot escape the conclusion that the failure of affiant to include in the statement filed in the probate office any credits was an intentional act or omission on their part, and had the effect of claiming more than they were entitled under foregoing rules for the application of payments. It was such a failure of statutory compliance to file a "just and true account" that affected the validity of the claim filed and sought to be enforced as a lien against the owner and his mortgagee. Jefferson Plumb., etc., Co. v. Peebles, 195 Ala. 608, 613, 71 South. 413; Camden Iron Works v. City of Camden, 64 N. J. Eq. 723, 52 Atl. 477; New Jersey Steel, etc., Co. v. Robinson, 85 App. Div. 513, 83 N. Y. Supp. 450; Aeschlimann v. Presbyterian Hosp., 165 N. Y. 296, 59 N. E. 148, 80 Am. St. Rep. 723.

The decree of the circuit court, in equity, is in accord with the justice and the law of the case and it is affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

### On Rehearing.

THOMAS, J. [6] The pleading and evidence were directed to the status of the specific account between Redd Bros., Inc., and A. B. Todd, as materialman and builder, respectively, of a house on Todd's lot which he had mortgaged to Gregory, not an ascertainment of the general account between the parties for materials furnished for and used in the construction of buildings by Todd on other lands.

The specific prayer of the bill was to fasten a materialman's lien on said property, describing it; to decree a sale of that property to satisfy the specific indebtedness found to exist; and that said lien for material furnished and used in the construction of said

building be adjudged superior to mortgages executed by Todd to Gregory on said lands. There was general prayer. The existence and amount of the special indebtedness alleged to have constituted a lien on the property held by the mortgagor and subject to Gregory's mortgages, and whether there was a statutory lien that may be enforced, were the controverted issues of fact. That Todd admitted in his testimony a general indebtedness to complainant (without stating the amount), growing out of his other building operations and on other lots, would not authorize, in this action, a judgment in personam against Todd, under section 4770 of the Code. Fleming v. McDade, 207 Ala. 650, 93 South. 618. The cases of Bedsole v. Peters, 79 Ala. 133, McGeever v. Harris, 148 Ala. 503, 41 South. 930, and Wigfield v. Akridge, 207 Ala. 560, 93 South. 612, were suits at law for the enforcement of a lien of a mechanic or materialman. The jurisdiction of such suits, both at law and in equity, is declared in section 4764; not, however, as to confuse the issues of fact that were litigated and merge the same into a judgment in personam on failure to establish the lien, as is now insisted on rehearing.

[7] It is insisted that the decree of the lower court failed on dismissing the bill to safeguard complainant's right to a due procedure in the proper forum for a judgment in personam against Todd for the amount of his general indebtedness to Redd Bros., Inc., and that he will be precluded by a plea in bar. It may be said here that such suit at law may be had, without subjecting same to a plea of res adjudicata, since the issues of fact are not identical, though between the same parties. Terrell v. Nelson, 199 Ala. 436, 74 South. 929.

The judgment of the lower court was not in error, and the rehearing is denied.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.