### READ v. LUTHER GOLD DREDGING CO. et al.

Second Division. Nome. October 10, 1925.

**1. Account, Action on ⬤➡6(3)—Pleading—Itemized Account Sued on.**
　　The demand for an itemized account is not one for the court to act on in the first instance, but should be made to the party who has knowledge thereof; the court may thereafter order a further account on application.

**2. Mechanics' Liens ⬤➡129—Separate Contracts.**
　　Labor performed under separate and distinct contracts, upon the same improvement, where the labor is continuous, or substantially so, may be joined in one mechanic's lien.

The defendant Harry Dobson appeared by his attorney and, on the 3d day of October, 1925, upon a demand for a verified account and notice of motion to require the plaintiff to separately state and number his causes of action set forth in the complaint, moved the court for orders in that behalf.

James Frawley, of Nome, for plaintiff.
Geo. D. Schofield, of Nome, for defendant Dobson.

LOMEN, District Judge. The court is of the opinion that the demand for verified account is not one for the court to act upon in the first instance, but for the plaintiff to act upon under the penalty prescribed by section 906, Compiled Laws of Alaska, for failure to comply with the demand, if, indeed, it should be found that the account referred to in the complaint be of such character as the statute contemplates as being subject to the demand made.

Section 906 of the Compiled Laws of Alaska, after requiring the adverse party, within five days after a demand thereof, in writing, to deliver a copy of the account, or be precluded from giving evidence thereof, further provides:

"The court or judge thereof may order a *further account* when the one filed or delivered is defective."

The motion in this case seems to contemplate that the court make an order for the delivery of the account mentioned in the first instance. This we do not think is contemplated by the statute.

As to the motion for an order requiring plaintiff to separately state and number his causes of action set forth in the complaint, the court is of the opinion that the complaint in this respect is properly drawn, and constitutes but one cause of action, based upon two several contracts of employment and for the foreclosure of a mechanic's lien, filed for the services rendered by plaintiff under said contracts and alleged to be continuous.

The question as to whether the services rendered under the two contracts mentioned in the complaint were continuous, in fact, is a question that need not now be considered.

It has, however, been held, as to labor performed under separate and distinct contracts, but upon the same improvement, that if the labor is continuous, or substantially so, the filing of a notice of lien after the entire work is completed is sufficient as to all the contracts. Capron v. Strout, 11 Nev. 304; Miller v. Batchelder, 117 Mass. 179, 15 L. R. A. (N. S.) 301. And our statute (section 12, chapter 13, Laws 1915) expressly provides for such contingency.

The motions are accordingly denied.