This is an action on a bond, pursuant to the provisions of Code 1975, § 39-1-1 (b), to recover monies, together with attorney's fees, owed on an account for materials furnished for a public works project at Gulf Shores, Alabama.
Plaintiff, Hagan Storm Fence Company of Mobile, furnished the materials, for which payment is sought, to Tennis Court Construction, a subcontractor of Guy Sumlin d/b/a Guy Sumlin Construction Company; the latter was the prime contractor for the project. Tennis Court and Sumlin were named as defendants in the action along with United States Fidelity and Guaranty Company (USFG), the surety on the bond.
Default judgment was entered against Tennis Court. This appeal is by Sumlin and United States Fidelity and Guaranty Company against whom summary judgment was subsequently entered. The facts and principles supporting the trial court's decision are well-stated in its summary judgment, the pertinent portions of which follow:
 "2. At the request of Tennis Court Construction of Mobile, Inc., a sub-contractor of the Defendant, Guy Sumlin d/b/a Guy Sumlin Construction Company, Hagan Storm Fence Company of Mobile, *Page 819 
Inc., during December 1978, furnished labor and materials on that certain public project known as "The Development of Gulf Shores Municipal Park", Gulf Shores, Alabama, which project was being performed under a contract between the Defendant, Guy Sumlin Construction Company, and the Town of Gulf Shores, Alabama, entered into during or about October, 1978.
 "3. The labor and materials furnished by the Plaintiff as referred to in the preceding paragraph consisted of installation of the following items:
 "592 feet of 10' high 11 gauge wire fence with 1 5/8' top rail and 2 1/2" standard line posts
"3-7' X 4' gates
"13-3" X 13" corner posts
"660 feet of 5' high 11 1/2 gauge wire
"6 terminal posts
 "4. The total price due the Plaintiff for the foregoing labor and materials furnished was $9,000.00 and was billed to the Defendant, Tennis Court Construction of Mobile, Inc., on December 29, 1978, and was due and owing together with interest at the legal rate from that date.
 "5. Tennis Court Construction of Mobile, Inc., had a number of dealings with the Plaintiff on various jobs. While Plaintiff received a number of payments from Tennis Court Construction of Mobile, Inc., during and subsequent to December 1978, Tennis Court Construction of Mobile, Inc., did not specify the jobs to which sums should be credited and Plaintiff's policy was to credit payments against the oldest outstanding jobs. No amount was paid on the Gulf Shores, Alabama job and the sum due is $9,000.00 plus interest.
 "6. The Defendant Guy W. Sumlin d/b/a Guy Sumlin Construction Company on the 9th day of October, 1978, executed a labor and materials bond payable to the Town of Gulf Shores, Alabama, in the sum of $135,928.00 with the Defendant, United States Fidelity and Guaranty Company, as its surety on said bond, in accordance with the provisions of Code of Alabama 1975, § 39-1-1.
 "7. On March 21, 1979, the Plaintiff, through its attorney, gave written notice by mail to the Defendants, United States Fidelity and Guaranty Company and Guy Sumlin d/b/a Guy Sumlin Construction Company, of the amount claimed to be due and the nature of the claim, with respect to said Gulf Shores job, and more than 45 days later, but less than one year, from the date of final settlement of said contract, the Plaintiff on July 30, 1979, instituted this action.
 "8. Under said bond in the Gulf Shores job the Plaintiff has the right of a direct action against the Defendants, Guy W. Sumlin d/b/a Guy Sumlin Construction Company, as Principal, and United States Fidelity and Guaranty Company, as surety, for the amount of its claim in the sum of $9,000.00. plus a reasonable attorney's fee together with interest on such claim from the date of receipt of such notice, March 22, 1979, by said Defendants.
 "9. The evidence is further undisputed that a reasonable attorney's fee in a contested action of this nature would be a sum equal to between 25% and 33 1/3% of the combined total of the principal and interest due on the claim at the time judgment is rendered.
 "10. The evidence offered by the Defendants, Guy Sumlin d/b/a Guy Sumlin Construction Company and United States Fidelity and Guaranty Company, shows that the Defendant, Guy Sumlin d/b/a Guy Sumlin Construction Company had a contract involving the Gulf Shores job for $79,143.00 with Tennis Court Construction of Mobile, Inc., and that said Sumlin paid $59,725.00 directly to Tennis Court Construction of Mobile, Inc., and $19,418.00 for materials used in the subcontract and that there was no amount due from Guy Sumlin d/b/a Guy Sumlin Construction Company to Tennis Court Construction of Mobile, Inc., at the time Plaintiff gave written notice of its claim as required by law. However, the evidence is undisputed that Tennis Court *Page 820 
Construction of Mobile, Inc., did not specify to the Plaintiff the jobs to which payments should be credited and the Plaintiff properly credited payments against the oldest outstanding jobs. Further, counsel for Defendants, Guy Sumlin d/b/a Guy Sumlin Construction Company and United States Fidelity and Guaranty Company, during oral argument, informed the Court that said Defendants had no dealings directly with Plaintiff and no knowledge or evidence to offer of what was said or done between the Plaintiff and Tennis Court Construction of Mobile, Inc., as to payments made by Tennis Court Construction of Mobile, Inc., to Plaintiff on the various invoices owed to Plaintiffs by Tennis Court Construction of Mobile, Inc.
 "11. With respect to Count One of the Complaint, the Plaintiff is entitled to recover of the Defendants, Guy Sumlin d/b/a Guy Sumlin Construction Company and United States Fidelity and Guaranty Company, the principal sum of $9,000.00 plus interest at 6% per annum from March 22, 1979, which as of June 20, 1980, amounts to $672.00, plus a reasonable attorney's fee, which the Court hereby fixes at $2,418.00."
As indicated in paragraph 10 of the summary judgment, the evidence was undisputed that Tennis Court Construction did not specify to Hagan the jobs to which payments should be credited. Where a debtor who owes more than one debt to the same creditor does not specify to which debt a payment is to be applied, the creditor may apply the payment as it chooses. Lipscomb v.Tucker, 294 Ala. 246, 314 So.2d 840 (1975); Sherrill v. FederalLand Bank of New Orleans, La., 244 Ala. 461, 14 So.2d 361
(1943). Once application is lawfully made by either party having that right, that application is final and conclusive.Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276 (1922). Where neither party specifies an application of the payment, the law will apply it in the manner most beneficial to the creditor.Lee v. Southern Pipe and Supply Co., 283 Ala. 37, 214 So.2d 313
(1968); Lipscomb v. Tucker, supra; Redd Bros. v. Todd, supra.
Sumlin and USFG acknowledge that the rules stated above are the controlling law in Alabama, but assert they should apply only between the debtor and creditor and not to the detriment of innocent third parties. Limiting application of these rules in the manner urged by Sumlin and USFG, however, would ignore the underlying purpose of the public works bond statute, Code 1975, § 39-1-1 (b): to insure that a materialman receives full payment for labor or materials which he supplies to a public works project. Accordingly, ". . . the general rule permitting a recovery on the bond has been applied notwithstanding that the contractor had paid the subcontractor for the labor or materials in question." 92 A.L.R.2d 1250 (1963).
For the foregoing reasons, the judgment below is due to be and is hereby affirmed. Accordingly, the motion to dismiss the appeal of United States Fidelity and Guaranty Company is denied without addressing the merits of the contentions in support of that motion.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.